# WILLIAM PLATT *vs.* THE TOWN OF MILFORD.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J.,
    TORRANCE, BALDWIN, HAMERSLEY AND HALL, Js.

The terms "damages" and "special damage" in §§ 2703, 2706 and 2720
    of the General Statutes, giving owners of land adjoining a public high-
    way the right to compensation for injury resulting from a change
    of grade, are used interchangeably and without any strict technical
    meaning. In estimating the compensation to be paid, the diminution
    of the market value of the land is to be considered, including the injury
    to the claimant's trees, fences, sidewalks, access to his land, etc.,
    together with the expenses of such changes as are reasonably necessary
    to prevent, in whole or in part, the depreciation in the salable value of
    the property which would otherwise be caused by the change in grade.
In the case of towns it is not necessary that damages should be assessed be-
    fore the grade of the highway is changed, unless the damage falls
    within the rule applicable to property taken for public use.
There is no obligation upon the part of the landowner, when notified of a
    proposed change of grade, to inform the town of his claim for damages.
    Nor is his mere permission and consent to the proposed change any
    waiver of his right to claim damages, if injured thereby.

[Argued April 23d—decided June 22d, 1895.]

ACTION to recover special damages sustained by the
plaintiff by reason of a change of the grade of a highway,
brought to the Superior Court in New Haven County, and
tried to the jury before *Ralph Wheeler, J. ;* verdict and judg-
ment for the plaintiff to recover $500, and appeal by the
defendant for alleged errors in the rulings and charge of the
court. *No error.*

Section 2703 of the General Statutes provides that:
" When the owner of land adjoining a public highway, * * *
shall sustain special damage or receive special benefits to his
property by reason of any change in the grade of such high-
way, by the town, city, or borough in which such highway
may be situated, such town, city, or borough shall be liable
to pay to him the amount of such special damage, and shall be
entitled to receive from him the amount or value of such
special benefits, to be ascertained in the manner provided

for ascertaining damages and benefits occasioned by laying out or altering highways therein."

The manner of ascertaining damages and benefits occasioned by laying out highways in cities and boroughs is, in most cases, provided by special charters. Section 2706 provides the manner of ascertaining such damages and benefits in towns, as follows: "If the selectmen of any town, and any person interested in the layout, opening, grading, or alteration of any highway * * * therein, cannot agree as to the damages sustained by, or the benefits accruing to, such person thereby, the selectmen shall apply to any judge of the Superior Court, who, having caused reasonable notice to be given to the parties interested, shall appoint a committee of three disinterested electors, to estimate and assess to each person injured or benefited, the damages sustained by or the benefits accruing to him by such layout," etc.

The defendant town changed the grade in the highway adjoining land owned by the plaintiff, and its selectmen neglected and refused to agree with the plaintiff as to the damages sustained by him thereby, and also neglected and refused, after special request and demand by the plaintiff, to apply to a judge of the Superior Court to appoint a committee to estimate and assess such damages. This is an action to recover for damage to the property of the plaintiff by reason of such change in grade.

The complaint alleges that the change in grade has caused special damage to the property of the plaintiff in the decreased value of his land, specifying as elements of said damage, obstruction in the access to his residence and injury to its appearance, rendering necessary the destruction of sidewalks and walls built at great expense, and of valuable and ornamental shade trees standing on his premises and upon the sidewalk and margin of the street in front of the same.

To the complaint the defendant demurred, because it did not show that the acts done by the defendant caused the plaintiff any special damages, and because it appeared that the damages claimed were prospective. The demurrer was

overruled (*George W. Wheeler, J.*). The defendant's answer admitted the cutting down of the highway adjoining the plaintiff's property, and denied all other allegations ; and also set up as a second and special defense that "each and every act performed by the defendant and complained of in the plaintiff's complaint, was done with the consent and permission of the plaintiff." The defendant demurred to the second defense, and the demurrer was sustained. (*George W. Wheeler, J.*)

The case was tried to the jury. Upon the trial the plaintiff introduced three or four witnesses, who testified as to the reduction in the value of the premises caused by the change of grade ; and in explanation of the way in which the amount of the reduction in value was reached, testified as to the necessity and cost of grading the premises to conform to the new grade in the highway, as well as of the destruction of the shade trees, sidewalk, etc. The defendant objected to the whole testimony of these witnesses, "upon the ground that such evidence was improper and not admissible to prove special damages." No objection was made to the form of any particular question or answer, nor on any other ground. The court overruled the objection, and the defendant duly excepted.

The defendant requested the court to charge as follows : "Damages to adjoining landowners should be assessed before the highway is changed. And if you find that the selectman told Mr. Platt that he desired to cut down the grade in question, and Mr. Platt knew that was the intention, and made no claim for damages at the time or before the work was done, you may take that fact into consideration in coming to your verdict."

"When a town gives notice to an adjoining landowner of a proposed change in the grade of a highway, the town is entitled to notice of a claim of damages if it is to be made, so that the town can either settle the damages claimed, or not proceed with the work if it appears that the damages are so large that the town ought not to make the change." The court did not so charge.

A portion of the charge of the court was as follows : " The questions practically are, then, whether the plaintiff did or did not suffer any special damage to his land by reason of the change of grade, and if he did, what the amount was. * * * The question in such a case may be stated generally to be what, if any, is the difference between the actual, the market value of the property, before the acts of defendant town, and such value after those acts were completed. In determining this question you should take into considera- tion everything shown by the evidence to be likely to affect the value, which, under the instructions of the court, you are permitted to consider. While I have thus stated the general question, I will attempt to be more explicit. A town has the right to make necessary repairs in the highways, and in so doing it may lower or raise the grade of the street, and widen the traveled path and remove the earth or trees within the limits of the highway that interfere with the rea- sonable use of the highway, without being liable to the adjoining landowner for such acts, unless such acts occasion some special damage. I may say, too, that special damages are such damages as accrue to the adjoining owner by de- priving him of some right that he has and that the general public have not, or by doing some injury to his interest in the land, as, for instance, by depriving him of, or incon- veniencing his right of, access or right of entrance into his land, or by injuring fences, or walls, or sidewalks, or trees appurtenant to his land, or damages of this character, when necessarily resulting from the acts done. If the town has either destroyed any property rights such as I have men- tioned, which the plaintiff had and which the general public had not, or if the town by cutting down the grade has com- pelled or compels the owner to destroy such property, or make changes therein to comfortably enjoy his property, or if the premises are in any way rendered thereby unsightly and less salable, then these facts may be taken into consideration in determining the special damage. The plaintiff is not, how- ever, to be allowed to recover for changes which he may merely suggest might be made by him in his property, in

consequence of the change of grade; but only for such as may be rendered reasonably necessary by the change of grade, together with such loss in value, if any, as should still remain after the making of such reasonable changes. There is no rule of law which would require the defendant to pay for plaintiff's grading down his lot, or destroying his own trees, or sidewalks, or fences or walls, if such a course is not what a prudent owner would take with the property. To illustrate: If in such a case, a prudent owner would, at the necessary expense, simply make a natural and easy slope to the bank in front of the premises, turf it over and perhaps lay a walk of some kind from the traveled way up to his gate, and arrange for hitching horses at or near said walk, and could do this without injury to the trees, or sidewalks, or fence, or walls, and if, when so done, the market value of the property was only diminished by a certain sum, then the cost of making those reasonable changes and the remaining diminution in the market value, would together represent the special damages to which the plaintiff would be entitled. When a change is made by a town in the grade of the highway, it is presumed that the change will be permanent, and so the damage is suffered by the landowner once for all, and he should recover all such special damages; but merely possible or speculative damages are not to be considered. It is the actual damage only occasioned to the property that is recovered."

The jury returned a verdict for the plaintiff to recover $500 damages, and judgment was rendered for that amount.

The defendant appealed from the judgment, assigning as reasons of appeal: Error of the court in overruling the defendant's demurrer to the complaint; in sustaining the plaintiff's demurrer to the defendant's second defense; in admitting the evidence objected to by the defendant; in refusing to charge as requested by the defendant; and "in charging the jury that special damages are the difference in the value of the property before the acts were done and such value after such acts were done; and in charging that in determining this question you should take into considera-

tion everything shown in evidence likely to affect the value; also in charging the jury that, under the facts of the case, the jury in estimating damages should consider the cost of necessary re-grading, including the sidewalk, the destruction of valuable shade trees, the tearing down of walls and fences, it not having been proved or claimed that such acts actually had occurred, or inevitably would occur."

*William B. Stoddard* and *Arthur C. Graves*, for the appellant (defendant).

I. When the selectmen informed the plaintiff what they intended to do on the highway in front of his premises, and the plaintiff replied " that is all right, I have no objection," or words to that effect, ordinary men would say we could go forward with our work without liability to a suit for damages.

Would the court, under the circumstances, appoint a committee? Would it not say there is no disagreement between the parties concerning damages and benefits, as is required by § 2706, and refuse to appoint a committee? It was the duty of the plaintiff to claim damages before the work was done, if he had the opportunity. Damages should be assessed before work is done. *Healey* v. *City of New Haven*, 49 Conn., 402; *Holley* v. *Town of Torrington*, 63 id., 423. Again, the selectmen have the right to be informed of a party's intention to claim damages when they give him notice of the change contemplated, so that the selectmen may act for the best interests of the town. If damages are claimed, the selectmen may say that they will not proceed with the work; that in their opinion the town is not in a condition to pay damages. Or they may have a committee appointed, and if damages are assessed so high it is not for the best interests of the town to make the change, they can refuse to proceed with the work. *Stevens* v. *Danbury*, 53 Conn., 9. The acts of the plaintiff in giving us permission to change the grade and not claim damages, is a license to the town, and the plaintiff is estopped from claiming damages. *Toll Bridge Co.* v. *Betsworth*, 30 Conn., 380, 390; *Frost* v. *N. H.*

*& N. R. R. Co.*, 23 id., 214; *Cross* v. *Kansas City*, 90 Mo., 13. The argument of the plaintiff, that the town had ample power to change the grade, and that the license of the plaintiff did not add to the town's power, is not sound law and does not meet the point. The town had no legal power to damage the plaintiff's premises without first settling or agreeing upon the damages.

II. The court erred in admitting the evidence of the plaintiff's witnesses, as to the general damage sustained by the plaintiff.

At common law the plaintiff would have no right of recovery whatsoever. *Fellowes* v. *City of New Haven*, 44 Conn., 240; *Healey* v. *City of New Haven*, 47 id., 305; *Same case*, 49 id., 384; *Burritt* v. *City of New Haven*, 42 id., 174; *Bradley* v. *N. Y. & N. H. R. R. Co.*, 21 id., 294; *Callender* v. *Marsh*, 1 Pick., 417; *Ratcliffe's Executors* v. *Brooklyn*, 4 N. Y., 184; *Smith* v. *Corporation of Washington*, 20 How., 148; *Transportation Co.* v. *Chicago*, 99 U. S., 635; *O'Connor* v. *Pittsburg*, 18 Pa. St., 187; *City of Quincy* v. *Jones*, 7 Ill., 279. It is presumed that when a highway is originally laid out, compensation is given once for all to individual property owners, not only for land taken but also for damages resulting from working and improving the highway for the benefit of the public and changing the grade. *Skinner* v. *Hartford Bridge Co.*, 29 Conn., 523; *Fellowes* v. *City of New Haven*, 44 id., 257; Lewis on Eminent Domain, §§ 96, 97. In improving the highway the municipality acts as trustee for the public, and individual property rights are subordinate to the rights of the public, and any damage even if access, etc., are destroyed, is not a taking of private property under eminent domain. *Fellowes* v. *New Haven*, 44 Conn., 252, 253; *Healey* v. *New Haven*, 47 id., 313, 314; *Burritt* v. *New Haven*, 42 id., 196, 197; Lewis on Eminent Domain, §§ 97, 100. To change this law the General Assembly passed an Act in 1874, General Statutes, 1875, p. 236, § 31, which provided that when any owner of land adjoining a highway shall sustain *damage*, etc., by reason of a change of grade, the city, town or borough shall be liable

to pay the amount of *such damage.* The case of *Healey* v. *New Haven,* 49 Conn., 394, was decided upon this statute. This Act was afterward repealed, and in 1882, the Act which is now § 2703 of the General Statutes was enacted, giving the adjoining landowner, upon the change of grade, the right to recover *special damages,* if any accrued.

The first statute gave general damages, the present statute, under which this action is brought, limits the liability of the town to special damages.

So, too, it was error for the court to charge the jury that the measure of the plaintiff's damages was the difference in the market value before and after the change of grade. Such a rule is the measure of general damages, as it takes into consideration every little inconvenience, change of looks, etc., which do naturally and necessarily affect the value of real estate. *Shelton Co.* v. *Borough of Birmingham,* 61 Conn., 524; *Tomlinson* v. *Derby,* 43 id., 567; *Bristol Mfg. Co.* v. *Gridley,* 28 *id.,* 212; 1 Chitty on Pleadings, *411.

In eminent domain, when a part of a tract is taken, the owner recovers not only value of the land taken, but also general damage to the remaining tract—the difference in the market value before and after the taking. Lewis on Eminent Domain, §§ 464, 465; *Page* v. *Chicago, etc., R. Co.,* 70 Ill., 324. If this is general damage, it is evident that special damage is not the difference in the market value before and after the acts are done, for general and special damage are not the same.

III. The court erred in allowing the plaintiff's witnesses to state the amount of the plaintiff's damages, that being within the province of the jury. Witnesses cannot give opinions as to the amount of damages resulting from an act, for this must be determined by the jury. The witness is to state only facts which form the elements of the damages or the basis on which they can be estimated. *Evansville, etc., R. R. Co.* v. *Fitzpatrick,* 10 Ind., 120; *Great Western R. R. Co.* v. *Campbell,* 4 Ohio St., 583; *Cleveland, etc., R. R. Co.* v. *Ball,* 5 id., 569; *Dalzell* v. *Davenport,* 12 Ia., 437; *Harrison* v. *Iowa, etc., R. R. Co.,* 36

id., 323 ; *Blair* v. *M. & D. R. R. Co.*, 20 Wis., 262 ; *Goodrich* v. *Milwaukee*, 24 id., 422 ; *Church* v. *Milwaukee*, 31 id., 512 ; *Stowell* v. *Milwaukee*, 31 id., 523 ; *Rochester and Syracuse R. R.* v. *Budlong*, 10 How. Pr., 289 ; *Troy and Boston R. R.* v. *Lee*, 13 Barb., 169 ; *Matter of Utica, etc., R. R. Co.*, 56 id., 456 ; *Van Deuzen* v. *Young*, 29 N. Y., 9 ; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 id., 31 ; *McGean* v. *Manhattan R. Co.*, 117 id., 219 ; *Teerpenning* v. *N. Y. Ins. Co.*, 43 id., 279 ; *Alabama & F. R. R. Co.* v. *Burkett*, 42 Ala., 83 ; *Bain* v. *Cushman*, 60 Vt., 343 ; *Roberts* v. *Brown County Comm'rs*, 21 Kan., 247 ; *Topeka* v. *Martineau*, 42 id., 387 ; *Gainesville H. & H. R. Co.* v. *Hall*, 78 Tex., 169 ; *Tingley* v. *Providence*, 8 R. I., 493 ; *Brown* v. *Providence & S. R. R. Co.*, 12 id., 238 ; *Roberts* v. *N. Y. Elevated R. Co.*, 128 N. Y., 455, 13 L. R. A., 499.

*Charles S. Hamilton*, for the appellee (plaintiff).

I. The demurrer to the plaintiff's amended complaint was properly overruled.

II. There was no error in sustaining the demurrer to the defendant's second defense. *Healey* v. *City of New Haven*, 47 Conn., 316.

III. There was no error in admitting the evidence as to the amount of damages suffered by the plaintiff. The evidence of the opinions of persons having knowledge of the value of property is always held admissible for the purpose of proving value ; and what difference can there be when the issue is the diminution of value, or the difference in the value before the acts were done, and after they were done ?

IV. There was no error in the charge. *Holley* v. *Torrington*, 63 Conn., 426.

V. There was no error in refusing to charge that damages should be assessed before the grade of the highway is changed. The statute does not provide for or contemplate that the damages are to be assessed before the change of grade is made ; often it would be impossible and impracticable to attempt any such assessment.

HAMERSLEY, J.   The main question presented by this appeal will be disposed of by ascertaining the meaning of the words "special damage" as used in § 2703 of the General Statutes.   The section says that when an adjoining landowner shall sustain "special damage or receive special benefits" to his property by reason of any change in the grade of a public highway, the municipality making the change shall be liable to pay such person the amount of such special damage, and be entitled to receive from him the amount or value of such special benefits; the same to be ascertained in the manner provided for ascertaining the damages and benefits occasioned by a layout of such highway.

Section 2706 says that "if the selectmen of any town, and any person interested in the layout, opening, grading, or alteration of any highway * * * therein, cannot agree as to the damages sustained by, or the benefits accruing to, such person thereby, the selectmen shall apply" for the appointment of a committee "to estimate and assess to each person injured or benefited the damages sustained by or the benefits accruing to him by such layout, opening, or alteration," and such committee shall "make such estimate and assessment."

Section 2720 says: "The benefits assessed for any particular layout or alteration, except in a city or borough, shall in no case exceed the damages assessed therefor"; together with one half the estimated cost of construction.

This legislation changed the common law rule based on the arbitrary presumption growing out of a supposed public policy, but not justified by facts, that the original appraisal of damages for taking land for a highway included all damages that might be caused by any alteration of the established grade of the highway; and recognized an absolute liability for damages caused by such alteration on the part of the municipality ordering the same; so that when such municipality failed to follow the mode prescribed for it by law in ascertaining such damages, the party injured might bring an ordinary action at law, based on such absolute liability, to recover his damages.   *Healey* v. *City of New Haven*, 49

Conn., 403; *Shelton Co.* v. *Birmingham,* 62 id., 459; *Mallory*
v. *Town of Huntington,* 64 id., 98.

An inspection of the sections above quoted, and of the
language used in kindred legislation, indicates that "special
damage" and "damages," as well as "special benefit" and
"benefits," are used interchangeably, and for a similar rea-
son, viz: there are no benefits that can be assessed for a pub-
lic improvement (unless in the ordinary way of taxation)
that are not special benefits; and any tenable definition of
"special damage," as descriptive of the injury caused to the
property of an adjoining landowner by the alteration of a
highway as a public improvement, must include every ele-
ment of any damage that can be appraised for such altera-
tion.

It should be remembered that in this State the owners of
land adjoining a highway almost invariably own the highway
by the same title that they own the adjoining land, subject
only to the easement acquired and paid for by the public;
and therefore when their land in the highway is so used as to
cause a damage to their adjoining land, which under existing
law has not been paid for, such damage of necessity is similar
in kind to the damage caused to such adjoining land by the
original taking for public use of their land in the highway.

It is not clear why § 2703 speaks of this damage as special.
The language of the Act includes in its range the streets of
large cities, where a slight alteration might involve most
serious injury, as well as the roads of sparsely settled towns,
where the most extensive cutting and filling could not ap-
preciably affect the value of adjoining land; it is possible
"special" was used with its common meaning of more than
ordinary, *ex abundanti cautela,* so as to exclude the possibil-
ity of mistaking mere road mending for a public improve-
ment in the alteration of an established grade, or of owners
of adjoining land recovering in any case the merely nomi-
nal damages that might be claimed as resulting from every
change.   It is also possible that "special" was used simply
in recognition of the fact that the damage resulting from
such alteration of a highway differs from the damage result-

ing from the original taking of the land in the highway, in that the latter included also the value of the land taken, while the former is confined to the damage caused to the adjoining land not so taken. But whatever may have been the reason for using the word, it is certain that "special damage" is not here used with a strictly technical meaning. *Dann* v. *Woodruff*, 51 Conn., 206 ; *Ferguson* v. *Stamford*, 60 id., 447.

" Special damage " has a technical meaning when used in respect to the rules of pleading. It then distinguishes the damage that must be specially pleaded from the damage that need not be so pleaded ; but when so used it has no relation to the essential right of recovery ; the damage, whether specially pleaded or not, is all damage resulting from the injury and all recoverable; there is no distinction except for the purposes of pleading. Section 2703 is not dealing with questions of pleading ; it is defining an injury and providing for the recovery of the damage resulting from such injury. If the word " special " were intended to limit the resulting damage that may be recovered, to a defined portion of the damage that might lawfully be recovered except for such limitation, its technical meaning, if it can have any, must be sought, not in the nice distinctions drawn for purposes of pleading in actionable damages, but in the meaning given by the law to " special damage," when the phrase is used to distinguish from the damage. that an individual may suffer as the natural consequences of a wrongful act, such portion of that damage as he may in a particular class of wrongs be entitled to recover in an action ; and this distinction is well defined. Special damage when so used includes the damage peculiar to the plaintiff, and excludes the damage which the plaintiff suffers only in common with the general public ; as in case of a public nuisance, where the damage which one suffers in common with the public generally is not actionable, but the peculiar injury which he alone can suffer is actionable, and is technically called in this connection " special damage." But such use of the word in § 2703 would be inappropriate or superfluous, because no damage

that is not peculiar to the individual can result to the owner of land taken for a highway. There can be in such case no damage to him which he suffers only in common with the public generally, as there may be where a public nuisance exists. A highway cannot be established unless it is legally found to be a public benefit. But the persons whose land is taken and whose adjoining land is injured, suffer a damage which may be recovered; it is immaterial whether this damage is called a "damage" or a "special damage"; in either case the damage must be the same, and is all the damage that can be predicated.

The damage resulting in such case to the property injured, may be divided into the damage, caused by the condemnation for public use, to the land actually taken, and the damage caused to the adjoining land of the owner, by the appropriation for that use of the land so taken. It is the latter damage mainly, if not wholly, that is referred to in the Act as "special damage"; and possibly, as before suggested, merely for the purpose of distinguishing it from the damage to the land included in the limits of the highway.

Whether such damage is estimated and paid for at the time the land in the highway is taken, or is not estimated and paid for until subsequently, when, by a change in the use of the highway, the damage is actually caused, it is the same damage; ascertained by force of the statute in the same way, and necessarily containing the same elements.

We conclude, therefore, that the special damage to be appraised on the alteration of the grade in a highway, differs in no essential respect from the damage that would be appraised for injury to adjoining land, if the alteration were an original layout causing a similar injury; such damage includes the diminution in the market value of the land caused by the alteration, to be determined by considering everything by which that value is legitimately affected. We think the true construction of the legislation in question leads to this conclusion; but if any doubt could be enter

Platt *v*. Town of Milford.

tained as to this, we think the conclusion must logically follow from our former decisions.

In *Holley* v. *Torrington*, 63 Conn., 426, 433, the court below found the special damage to the property of the plaintiff, by a change in the grade of an adjoining highway, to be the difference in the market value of the plaintiff's premises before and after the change was made ; and in making its estimate of the amount of such damage took into account the effect on the market value of the destruction of a sidewalk built by the plaintiff, and certain ornamental shade trees standing between the sidewalk and the wrought part of the highway; and speaking by ANDREWS, C. J., this court says: " The special damages to the plaintiff's land could be determined only by considering everything by which its value would be affected. The shade trees and the sidewalks were such things."

In *Hoyt* v. *Southern N. E. Telephone Co.*, 60 Conn., 385, we held that a tree standing in a highway is appurtenant to the adjoining land; that damages to the owner of the land, based on the reduced value of the land caused by cutting down the tree, were estimated by a correct rule, and that such damages were not remote nor speculative, but a present damage, the immediate effect of the wrongful act. And in *Holley* v. *Torrington*, *supra*, this case is cited as applicable to trees destroyed by a change of grade. It is hardly necessary to say that when an alteration in the grade of a highway renders necessary the destruction of trees, in order to preserve the present salable value of the adjoining land, the resulting damage may be no less a "present damage, the immediate effect " of the alteration, than when such trees have been destroyed by the act of carrying out the alteration.

In *Shelton Co.* v. *Birmingham*, 62 Conn., 456, *S. C.*, 61 Conn., 518, we held that the special damage caused by a change in grade, includes injury to an interest incident or appurtenant to the land itself ; and that a sidewalk built by the owner of adjoining land on the highway may be such interest.

It follows : 1. The court below did not err in overruling

the defendant's demurrer to the plaintiff's complaint.    2. It did not err in instructing the jury, in its general statement of the question at issue, that special damage, as used in § 2703, includes "the difference between the actual, the market value of the property before the acts of the defendant town, and such value after those acts were completed ", and that " in determining this question you should take into consideration everything shown by the evidence to be likely to affect the value, which, under the instructions of the court, you are permitted to consider."    In subsequent portions of the charge the court sufficiently instructed the jury what things they were permitted to consider.    3. It did not err in instructing the jury that if the town had, as the necessary result of the acts done, either destroyed any property rights such as mentioned (depriving him of his right of access or entrance to his land, injuring fences or walls, or sidewalks, or trees appurtenant to his land), or, by the change of grade had compelled or compels the owner to destroy such property; or, if the premises are in any way rendered thereby unsightly and less salable—" then these facts may be taken into consideration in determining the special damage."    It was not necessary that at the time of trial the re-grading, etc., should have actually taken place ; nor to prove that they would "inevitably occur"; the changes reasonably necessary to prevent or modify the reduction in the salable value of the property, are properly considered in estimating the present immediate damage. 4. The court did not err in admitting the evidence objected to by the defendant.    Such evidence was relevant to the fact of diminution in the market value of the plaintiff's land, and so admissible to prove special damage.    The objection of the defendant was general, to the whole evidence, on the single ground of its inadmissibility to prove special damage ; and being admissible on that ground, it is not competent for the defendant in his reasons of appeal, to assign error on other grounds.    While the objections appearing in the reasons of appeal, which were not made at the trial, would probably furnish no ground for a new trial, we do

not consider them, because they are not presented by the record.

The defendant also assigns as error the refusal of the court below to charge, as requested by the defendant, that " damages to adjoining landowners should be assessed before the highway is changed "; and that " when a town gives notice to an adjoining landowner of a proposed change in the grade of a highway, the town is entitled to notice.of a claim of damages, if it is to be made."

There are statutes which directly impose on some municipalities the duty of causing an appraisal of damages and assessment of betterments to be made before an order for change of grade in a highway is executed. No such statute exists in respect to towns. But we see nothing in the law to prevent a town, when a change of grade in a highway is contemplated, from making an order for such change, clearly defining its character, extent and manner of execution, and applying for an assessment of damages before the order is executed. *Meriden* v. *Camp*, 46 Conn., 289. There are many changes incident to the repair of roads which may in a certain sense be changes in grade, but which are so slight, or in a portion of the highway where the adjoining land is of so little value, that they can hardly be called a change of grade within the meaning of the statute, and can justify no prior assessment, nor any suit for damage. The prior assessment, under existing statutes, is permissible, but not compulsory, unless the damage comes within the rule of property taken for public use. While it would seem that compensation for damage caused by a change of grade is not a condition precedent to the lawful execution of an order for such change, unless required by statute ; yet as the question is akin to, and might involve dealing with, some open questions of much importance relative to the right of the State to impose on land once subjected to the easement of a highway additional burdens without compensation, we deem it sufficient to say that it is immaterial to the defendant's liability in this case, whether the appraisal of damages must precede or may follow the actual change of grade. In either

case the defendant has failed to proceed according to law, and the plaintiff has a right to recover his damage in this action.

There is nothing in the defendant's claim that a landowner when notified of a proposed change in grade is bound to notify the town of his claim for damages. No law imposes on him such an obligation.

The remaining error assigned by the defendant is the action of the court below in sustaining the plaintiff's demurrer to the defendant's special defense.

This defense alleged : " Each and every act performed by the defendant and complained of in the plaintiff's complaint, was done with the consent and permission of the plaintiff." The act performed by the defendant was the change of grade in a public highway, *i. e.,* the performance of a public duty imposed by public law. If the interest of the public requires the change, it should be made ; otherwise not. The permission of the plaintiff could not authorize the defendant to make the change, nor could his refusal justify a neglect of the defendant's official duty. The mere proof of such a permission could be no defense to the plaintiff's action, and is not so claimed by the defendant. Its real claim is, that such permission implies a surrender of all claim to damage that might be caused by the change in grade. If the agreement to claim no damage is the fact the defendant intended to allege, it has not properly alleged it. The demurrer specifically pointed out the insufficiency of the language used to allege such agreement, and the court sustained the demurrer because the language did not fairly allege such agreement. If in truth the permission was given under such surrounding circumstances as to furnish some evidence in connection with those circumstances of a promise to claim no damages, the defendant should have amended its answer so as properly to allege such fact. This it did not see fit to do, and can now make no claim except the one properly overruled by the court below, that the bald allegation of a " consent and permission " given by the plaintiff to the town, to execute a public work in pursuance of its legal duty, must be held, on special demurrer, as legally equivalent to the alle-

gation of a promise not to claim the damage such public work may cause the plaintiff, and to which he is entitled by law.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.