JAMES D. PICKLES *vs.* THE CITY OF ANSONIA.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action to recover damages resulting from the change of grade of a city street, the plaintiff was permitted to put in evidence the records of the city council showing petitions of taxpayers for the grading and working of the street, and for an order requiring curbs, gutters, sidewalks and crosswalks to be laid, as well as the action taken by the municipal authorities in relation thereto. *Held* that the admission of this evidence, even if erroneous, was harmless, inasmuch as it appeared that upon the trial the defendant admitted the existence of the highway and making the change of grade in front of the plaintiff's premises, and that the real controversy was as to the amount of special benefits accruing to the plaintiff from the change. Nor, under the circumstances, could the defendant complain of the court's charge, which treated the work done by the city as a change of grade rather than the original construction and working of a new highway.

It is no defense to such an action that the plaintiff bought his land after the change of grade had been ordered.

Evidence of the amount paid by the plaintiff for building a retaining wall and regrading his front yard, is admissible as tending to prove the proper cost of such work.

Any elevation or depression of the existing surface of an established highway which has never been brought to a uniform grade, resulting from an attempt to establish such a grade, is a change of grade which, if injurious, will support an action.

Private improvements made by the plaintiff's neighbors after the change of grade, are not such special benefits as can be applied in reduction of the special damages suffered by him.

To make out a *prima facie* case in an action for damages caused by a change of grade, the plaintiff is not required to prove that he received no special benefits from the change. Having proved the injury to his property, it becomes the duty of the defendant

to prove such special benefits as are claimed to offset or reduce the damages suffered by the plaintiff. In no other sense, however, is the burden of proof upon the defendant as to the matter of special benefits ; nor is it necessary to plead the existence of such benefits as a special defense. Moreover, the plaintiff must satisfy the trier by a fair preponderance of the whole evidence that he has suffered special damages to an amount in excess of any special benefits received.

Nevertheless, if the defendant, by its pleadings and in its requests to charge the jury, treated its claim of special benefits as a matter of affirmative defense, and the court substantially or exactly complied with all the requests of the defendant on that point, it cannot complain of a charge that it must prove, by a fair preponderance of evidence, such new facts set up in its special defense as it relied upon ; and that if the jury were satisfied by a fair preponderance of the evidence that the plaintiff had received special benefits exceeding or equaling his special damages, he could not recover.

Argued October 28th—decided December 18th, 1903.

ACTION to recover special damage for injury to the land of the plaintiff adjoining a highway, resulting from a change of grade, brought to the Superior Court in New Haven County and tried to the jury before *Robinson, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Charles S. Hamilton,* for the appellant (defendant).

*Frederick W. Holden,* for the appellee (plaintiff).

HALL, J. The finding of facts shows that upon the trial the plaintiff offered evidence to prove that he was the owner of land, with a dwelling-house thereon, on the corner of Myrtle Avenue and Clover Street, in the city of Ansonia, and that in 1901, under an order of the common council, passed in 1895, establishing a grade of Myrtle Avenue, the defendant changed the then existing grade of that street by cutting it down so as to leave a perpendicular bank in front of the plaintiff's premises ranging in height from three to nine feet, requiring the plaintiff to build a wall in front of his property in order to protect it, at an expense

of $455; that he was obliged to regrade his front yard at an expense of $75; that the change of grade diminished the market value of his property $700; and that although the present action was not commenced until May 22d, 1902, the defendant had caused no assessment of the benefits and damages resulting from such change to be made, as required by its charter. The plaintiff had a verdict for $547.50.

Against the defendant's objection, the plaintiff, for the purpose of proving an allegation of the complaint that the defendant voted to so change the grade of the street in front of the plaintiff's property, was permitted to lay in evidence certain records of the board of aldermen and councilmen of the city, showing the petitions of certain taxpayers that Myrtle Avenue be graded and worked, and curbs, gutters, sidewalks and crosswalks be ordered laid, and showing the action of the city authorities in relation to said matters.

There was no harmful error in the rulings admitting these records. It appears from the finding, not only that no attempt was made at the trial to show that the city did not establish and work the grade of Myrtle Avenue, as claimed by the plaintiff, but that the defendant admitted that in 1901 the city caused the grade to be changed in front of the plaintiff's property, and that the real controversy at the trial was upon the question of whether there were not special benefits accruing to the plaintiff from the change, exceeding or equaling the damage, or which should be applied in reduction of the damages.

It was no defense to this action that the plaintiff purchased the property with knowledge that the order establishing such grade had already been made. He had the right, when so purchasing, to expect that when the street was actually worked to such established grade he would be paid for any special damage to his property caused by such change. No right of action existed until the damage had been actually sustained. *Gilpin* v. *Ansonia*, 68 Conn. 72, 82.

No claim was made that the plaintiff could recover the cost

of the sidewalk, curb and gutter, so ordered to be laid in front of his premises, and the court, as requested, charged the jury that there could be no recovery for such expenses.

The testimony of the plaintiff as to the cost of building the stone wall, and regrading the front yard, was properly received as evidence of expense necessarily incurred by reason of the change of grade. No ground of objection to this testimony appears to have been stated, except that evidence of the cost of the grading was irrelevant and immaterial. After the plaintiff had shown the amount and character of the work and that it was necessary, and was performed by a suitable person, proof of the amount paid therefor was some evidence of the proper cost of such work. *Sanford* v. *Peck*, 63 Conn. 486, 493. The proper cost of such necessary work is included in the term "special damages," as used in § 2703 of the General Statutes of 1888 (Revision of 1902, § 2051) ; *Platt* v. *Milford*, 66 Conn. 320, 334 ; and the court instructed the jury that the plaintiff could only recover for such changes and expenses as were made reasonably necessary by the change of grade.

In stating to the jury what constituted a change of the grade of a highway, the court said: "The term grade is used in this statute not to signify a level precisely established by mathematical points and lines, but the surface of the highway as it in fact exists ; and any elevation or depression of this surface by municipal authorities, resulting from an attempt to establish a grade, is a change of grade, which, if damages result, will support an action. So I say to you, any elevation or depression of the natural surface of an established highway which has never been brought to a uniform grade, resulting from an attempt to establish such a grade, is a change of grade, which if injurious will support an action." *McGar* v. *Bristol*, 71 Conn. 652, 656, is a sufficient authority for the correctness of this instruction.

It is claimed that this language was inappropriate and inapplicable to the facts of the case, since the evidence showed that such grading of Myrtle Avenue was a part of the original construction and working of a new highway.

It is sufficient to say of this claim that it overlooks the fact, stated in the finding, that upon the trial in the Superior Court the defendant admitted that Myrtle Avenue had been a public highway for more than fifteen years, and that in 1901 the city of Ansonia changed the grade of such highway in front of and adjacent to the plaintiff's property.

The court correctly instructed the jury that private improvements subsequently made by the plaintiff's neighbors, in their property, were not such special benefits as could be applied in reduction of the damages sustained by the plaintiff by the change of grade, and that the special benefits available for such reduction were the local and peculiar benefits received by the plaintiff from such change. *Cook* v. *Ansonia*, 66 Conn. 413, 431; *Trinity College* v. *Hartford*, 32 id. 452, 478.

One of the errors assigned is, that the court charged the jury incorrectly as to the burden of proof of special benefits, in instructing them that if they found that any special benefits had accrued to the plaintiff from the change of grade they should be deducted from the damages found, and that if they were satisfied " by a fair preponderance of evidence " that the plaintiff had received special benefits, either greater than or equal to his damages, the plaintiff could not recover; and in charging the jury that the burden of establishing by a fair preponderance of evidence such new facts, set up in the three defenses, as it was intended to claim anything from, was upon the defendant. The court stated to the jury that the defendant had not attempted to prove the new matter set up in the first and second defenses, but that it claimed to have established the new matter set up in the third defense. The facts specially pleaded in the third defense were that the benefits, accruing from the change of grade, were greater than the damages sustained by the plaintiff, by reason of improving the value and usefulness of his premises. The only requests made by the defendant to charge the jury upon the question of the burden of proof were: " (1) The burden of proof is upon the plaintiff to show the nature and extent of the damages suf-

fered by reason of the alleged change of grade. (2) If upon the whole the benefits to the plaintiff were equal to or greater than the damages suffered, the plaintiff cannot recover." The first was charged in the language of the request. The closing remark of the court to the jury was that if they were satisfied by a fair preponderance of evidence that the plaintiff had suffered special damages from the change of grade and had received no special benefit therefrom, they should render a verdict for the plaintiff for the amount of such damages; but if they found the plaintiff had suffered some special damages and received some benefits, they should deduct the benefits, if less than the damages, and render a verdict for the balance; but if the benefits equaled or exceeded the damages, the verdict should be for the defendant.

Inasmuch as the defendant's requests to charge, upon the question of the burden of proof, seem to have been complied with, and as the defendant, both by its answer and its claims to the court, treated the matter of special benefits as a special defense, the facts of which were to be established by the defendant, it has no good reason to complain of the charge upon that subject. In a case of this character, however, the claim that there are special benefits accruing to the plaintiff's property by reason of a change in the grade of a highway, which should be considered in determining the amount of the plaintiff's damage resulting from such change, is not one which must necessarily be pleaded and proved as a special defense. But to make out a *prima facie* case, the plaintiff was not required to prove that he received no special benefits from the change of grade. Having proved the alleged injuries to his property, caused by the change of grade made by the municipality, it became the duty of the defendant to prove such special benefits as it claimed diminished the damage proved, or showed that the plaintiff had really sustained no damage. In this sense, only, could it properly be said that the burden of proving the special benefits rested upon the defendant. *Baxter* v. *Camp*, 71 Conn. 245, 252.

The motion for a new trial for verdict against evidence was properly denied. The finding shows that it was not the claim of the defendant, in the trial court, that there was no change of grade, and that the grading in question was done in constructing and working a new highway, but that the defendant there admitted, as already stated, that Myrtle Avenue had been a public highway for more than fifteen years last past, and that in 1901 the grade was changed in front of plaintiff's property by the defendant. These conceded facts, as well as the evidence before us, show that there was a change in the grade of the street, as defined in *McGar* v. *Bristol*, 71 Conn. 652.

There is no error.

In this opinion the other judges concurred.