## MARY F. ROGERS vs. THE CITY OF NEW LONDON.

Second Judicial District, Norwich, April Term, 1915.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GREENE, Js.

In determining the amount of special damages recoverable by an abut-
ting landowner for a change in the grade of a highway, special
benefits, if any, accruing therefrom, are to be deducted.

The difference between the actual market value of the abutting property
before and after the change of grade is the measure of the land-
owner's special damage; and in ascertaining this all the evidence
affecting values is to be considered.

Only damages actually caused by the change as made are recoverable:
possible future damages, dependent upon further possible changes
of grade, are not to be regarded.

In the present case the defendant city, in cutting down the grade of
land to be used for a sidewalk, left a strip varying in width from
five inches to three feet which was adjacent to and extended along
the front of the plaintiff's premises. *Held* that while the plaintiff
might recover, as an element of damages, the cost of properly
sloping off and turfing over such strip, or the cost of building a
low retaining-wall at its base to hold it in position, if such treat-
ment was reasonably required, she could not treat this strip as a
part of the land whose grade was changed and recover damages
upon that theory; for the city was under no obligation to change
the grade of any more land than it found useful for sidewalk pur-
poses.

An adjoining property owner is under no legal obligation to remove
steps leading down from his premises to the carriageway, although
they are within the limits of the highway, so long as they do not
obstruct public travel and the municipality permits them to re-
main there; and until their actual removal is accomplished through
a change of grade, there can be no recovery of damages by the
landowner. Should the steps, however, become an obstruction to
public travel, their removal in connection with a change of grade
would not constitute a legal injury to the adjoining property.

In the present case the trial court in its charge did not refer to a certain
point, but no instruction respecting it was requested, nor was
any notice taken of the omission by the appellant in her brief.
*Held* that the omission was not, under the circumstances, a ground
of error.

The trial court did not define "special benefits" in its charge, nor ex-
clude from the jury's consideration those that were common to the
plaintiff and others. *Held* that while a proper definition of special

Rogers *v.* New London.

benefits might well have been given, the appellant was not apparently harmed by this omission.

Advantages accruing from the existence of a granolithic sidewalk for which the property owner has been assessed and has paid, cannot be treated as special benefits and deducted from his special damages caused by a change of grade, since this, if permitted, would force him to pay twice, either in whole or in part, for the sidewalk; and therefore instructions which fail to make this point clear to the jury will be regarded as harmful error, especially if it appears probable that the jury were thereby misled to the prejudice of the plaintiff.

In estimating special damages caused by a change of grade, under General Statutes, § 2051, alleged special benefits accruing from an independent public improvement authorized by a municipal charter cannot be set off.

The ground of an objection to a question should in fairness to the trial court and to the other litigant, be clearly stated at the time.

Argued April 27th—decided June 10th, 1915.

ACTION to recover damages for injuries to the plaintiff's premises alleged to have been caused by a change of the highway grade, brought to the Superior Court in New London County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff for $50, from which she appealed. *Error and new trial ordered.*

*Hadlai A. Hull* and *Frank L. McGuire,* for the appellant (plaintiff).

*Charles B. Whittlesey,* with whom was *William T. Connor,* for the appellee (defendant).

GREENE, J. The plaintiff sued for damages resulting to her from a change of grade in the highway in front of her premises, the defendant city having neglected to cause damages and benefits to be ascertained in the statutory manner. The jury rendered a verdict for the plaintiff for $50, and the plaintiff appealed to this court, assigning as errors various instructions to the jury in the charge, and two rulings on evidence.

There is no merit in the first assignment of error, claiming that the court erred in instructing the jury that the action was brought "to recover the special damages which the plaintiff claims to have sustained over and above the special benefits, if any, which have accrued to her by reason of the changes." *Pickles* v. *Ansonia*, 76 Conn. 278, 282, 283, 56 Atl. 552. The same is true of the second and third assignments, that the court erred in telling the jury that the question "whether or not the plaintiff has, or has not, suffered any special damage . . . may be stated in another way: what, if anything, is the difference between the actual market value of the plaintiff's property before the acts of the defendant city and such value after those acts were completed"; and that in determining this question they "should take into consideration everything shown by the evidence as likely to affect that value, under such instructions as I shall give you, and which you may be permitted to consider under such instructions." *Platt* v. *Milford*, 66 Conn. 320, 334, 34 Atl. 82; *Cook* v. *Ansonia*, 66 Conn. 413, 431, 34 Atl. 183.

There is no merit in the fourth assignment of error, which criticizes a statement of the right of the city to change the grade of highways, made in substantially the same language as that approved by this court in the case of *Platt* v. *Milford*, to be found in 66 Conn. 320, 323, 34 Atl. 82. The part of the charge objected to in the fifth assignment is correct, and closely follows both the law and the language of *Platt* v. *Milford*, limiting the plaintiff's recovery to such a course of conduct as a prudent owner would take with his property.

In the parts of the charge objected to by the sixth and seventh assignments of error, the court instructs the jury that the plaintiff can recover only for damages caused by the change of grade that has been made, and not for possible future damages to result from

possible future changes of grade. Such an instruction is so patently correct that the plaintiff would probably not object to it were it not for the practical application of the doctrine made by the court in other portions of the charge objected to in assignments eighth, eleventh, twelfth and thirteenth.

There was evidence (Finding, paragraph 49 *et seq.*), which was not questioned, tending to show that, about twelve years before the change of grade complained of, the defendant lowered the grade of the carriageway, and, at the change of grade in 1912, lowered the grade of such part of the land in the highway and outside of the carriageway as it thought proper for sidewalk purposes, but not up to the plaintiff's property line, there being left at the old grade, between the part lowered and the plaintiff's line, a strip varying in width from five inches to three feet; these measurements being agreed to by the parties. The defendant cut away the earth in 1912 in this manner to lower the grade of the sidewalk to correspond to the grade to which the carriageway had previously been brought. There was on the plaintiff's property line a retaining-wall, outside of which was said strip of earth of from five inches to three feet in thickness. Before the change of grade of the sidewalk, the plaintiff had a flight of steps, used to pass to and fro between her premises and the sidewalk, the bottom one of which came to her property line. The lowering of the sidewalk left the bottom of these steps above the new grade, and the defendant constructed for the plaintiff's benefit three more steps, prolonging the former flight down to the new sidewalk grade. These three steps were within the highway, but came only to the line, farthest from plaintiff's land, of said strip of earth left between the lowered sidewalk and plaintiff's property line, and in nowise interfered with public travel.

The court, in the eighth assignment of error, told the jury that the plaintiff might, if consistent with prudent management, make a proper slope for said strip of earth within the highway limits, and either turf such bank next the new sidewalk, or simply put in a low wall adjoining the walk, to hold such bank in position, and that then the cost of making such changes and the remaining diminution, if any, in the market value of the plaintiff's property would together represent the special damages which the plaintiff has sustained. The plaintiff objects to this instruction because it excludes from the territory as to which the plaintiff can. now recover damages the strip of land which the defendant left in the highway between plaintiff's property line and the outer edge of the new sidewalk. The defendant claims that the change of grade to be considered by the jury in assessing damages is only the change actually made. The plaintiff claims that the change of grade, in contemplation of law, extends to the plaintiff's property line. The difference in result would be that, on defendant's theory, the plaintiff can now recover only such damages as actually result from such change as has been actually made, and if, at any future time, the defendant reduce the grade up to the plaintiff's line by removing said strip or bank of earth, then the plaintiff would be entitled to such further damages as would result from such future change of grade. On plaintiff's theory, on the other hand, plaintiff must recover now for whatever change has been made, or may hereafter be made, up to plaintiff's property line.

To change the grade of part of the width of a highway, leaving the rest unchanged, is a change of grade for which damages may, if they are caused, be recovered. In this street the grade of the carriageway was lowered in about 1900, but that did not give the plaintiff a

right then to recover for the damages caused her by the subsequent change of grade of the sidewalk in 1912, nor prevent her from recovering damages resulting from the lowering of the sidewalk grade after it had been lowered. If the grade is changed in a part, causing damage, damages may be recovered for the change in that part, though the rest be unchanged. "To change their grade [sidewalks] is to change in part that of the highway, although in other respects it may be left unaltered." *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 Atl. 1000.

The city, in lowering the grade of a part of the land within the highway limits to reduce the sidewalk to a grade conformable to that of the carriageway, was under no duty to so lower the grade of all the land between the carriageway and the outer limit of the highway. There might be a greater width than was useful for sidewalk purposes. That which is left unchanged is not included in the change of grade, any more than is an unchanged carriageway when a sidewalk is lowered, or an unchanged sidewalk when the carriageway has its grade changed. The fact that in this case the unused strip is not large makes no difference in principle.

The objections to the charge raised by the eleventh, twelfth, thirteenth and fifteenth assignments rest on the same claim as the objection raised by the eighth part referred to, and are equally untenable.

In the eleventh, the court correctly tells the jury that the plaintiff was under no obligation to move the three steps leading, before the change of grade, from the old sidewalk to the carriageway, although they were within the highway limits, so long as they did not obstruct public travel and the city permitted them to remain there. The plaintiff is presumed to own the land in the highway in front of her premises, subject to the

public highway easement. *Platt* v. *Milford,* 66 Conn. 320, 330, 34 Atl. 82.

In the twelfth assignment the court correctly tells the jury that if the plaintiff, in future, puts any structure within the highway limits, meaning, of course, on her own land, not obstructing public travel, and it should be afterward removed in changing the grade of the highway, she could recover no damages for such removal until it had actually been removed.

In the thirteenth assignment, we understand the language of the court to mean that the plaintiff is not entitled, at the present time, to recover damages for the expense of removing the present steps at a future time, when the city sees fit, by further excavation, to compel the plaintiff to remove those steps from the highway. This is only another application of the previous proposition, that no damages can now be recovered for changes which have not been made. The court adds the sentence: "If they do [obstruct public travel], however, they are liable to be removed at any time, but at the plaintiff's own expense." This was correct. An adjoining landowner who maintains steps in the highway, without objection by the municipality, for many years, acquires no right to maintain them there. Such an owner would be obliged to remove them if they should become an obstruction to public travel, and, if they were removed or rendered useless in connection with a change of grade, this result to them would not be a damage to his land. *Shelton Co.* v. *Birmingham,* 61 Conn. 518, 24 Atl. 978.

The fifteenth assignment of error claims error in failing to instruct the jury that the defendant's act of changing the grade of the greater part of the land between the carriageway and plaintiff's property line constituted, in law, a change of the grade of the whole width between those lines, notwithstanding the fact that said irregular

bank was left between plaintiff's property line and the outer edge of the newly lowered sidewalk. There was no error in failing to so charge.

The twentieth assignment of error objects to the failure to charge the jury that it might consider the question of whether the sidewalk built in 1912 was built in part below the grade of the middle of the highway as it then existed, in determining whether the plaintiff's property was injured by the change in grade. No request was made to the court to so charge, and the plaintiff does not notice this reason of appeal in her brief. It was not error to fail to refer to this point.

The eighteenth and nineteenth assignments of error are based on the omission of the court to define special benefits, and to expressly exclude from the jury's consideration those which were common to the plaintiff and to others. A proper definition of special benefits might well have been given, but the plaintiff made no request for any such instruction, and it does not appear that she was harmed by the omission. The plaintiff does not claim that any benefits were improperly set off against her damages, except as to the benefit derived from the granolithic sidewalk, and her claim as to that is not that the granolithic sidewalk was not of benefit to her, but that the jury were instructed or allowed to charge its expense to her a second time.

The tenth, fourteenth, sixteenth and seventeenth assignments of error are based on the claim that the advantages to the plaintiff from the construction and existence of the granolithic walk were not applicable as special benefits in reduction of damages in this action, because the plaintiff had already paid for them. The plaintiff offered evidence to prove that after the granolithic walk was built the defendant laid an assessment on the plaintiff's property for half its cost, and

the plaintiff paid it. This, and also that the defendant's charter limits the liability of owners of land adjoining highways for the cost of sidewalks to one half the cost thereof, were treated, on the argument of the case in this court, as facts in the case.

The plaintiff, having paid all that part of the cost of the granolithic walk which the law required her to pay, could not lawfully be charged again with any part of its cost. To set off against her special damages any special benefit which she might receive from the granolithic walk would be to make her pay twice, either in whole or in part, for the same thing, which would be illegal.

Another objection to considering the benefit derived from the granolithic sidewalk in diminution of damages is that the granolithic sidewalk was laid under another proceeding authorized by another statute, i. e., the charter of New London, than that which governs the ascertainment of damages and benefits from change of grade. Damages and benefits under the latter statute exclude damages and benefits occasioned by any other cause than the change of grade. General Statutes, § 2051.

We understand that the defendant claimed on the trial in the Superior Court that the benefits accruing to the plaintiff's property from the granolithic walk should be set off against the damages resulting from the change in grade.

The charge to the jury should have made it clear to them that benefit accruing to the plaintiff from the granolithic walk was not a special benefit under the statute and should not be used to diminish damages. No such instruction was given, and those parts of the charge referred to in the tenth and fourteenth assignments, as well as one or more other passages, were either intended to be understood, or were probably

understood, by the jury to mean that the benefit to the plaintiff's property from the granolithic walk was to be treated as a special benefit and deducted from the special damages. Considering the probable effect of those passages on the minds of the jury, in connection with the evidence as to damages as indicated by the finding, and the small amount of the verdict, we must believe that these parts of the charge, and the omission to charge clearly and correctly on this point, diminished the plaintiff's verdict.

The twenty-first and twenty-second assignments of error object to the admission of the testimony of Walter Learned and Richard C. Morris. The questions asked of these witnesses are claimed to be improper on the ground that they involve, in the comparison of the market values of the plaintiff's property before and after the change of grade, the element of the benefit to the plaintiff's property of the new granolithic sidewalk. It does not appear from the finding that the plaintiff stated her ground of objection. Mr. Learned was asked: "What in your opinion was the effect, if any, upon the market value of that property caused by the cutting down of the sidewalk in front of the property from the way it formerly existed to the way it is now?" This question seems to be restricted to the effect of "cutting down," that is, of the change of grade. Mr. Morris was asked: "What in your opinion was the effect of the change in the sidewalk made in that highway on front of the Rogers property in 1912 upon the market value of that property?" While this question may be interpreted to include the granolithic walk in "the change in the sidewalk," it is by no means clear that it was meant to include it, or that either the witness, the court, or the jury so understood it. If the plaintiff's objection was then intended to be on the ground now stated, that ground ought, in fairness

to the court and to the defendant, to have been clearly stated at the time of objection.

The ninth assignment of error is similar to the second, and has no merit.

There is error in the judgment and a new trial is ordered.

In this opinion the other judges concurred.