JOHN TANNER *vs.* THE TOWN OF MANCHESTER.

First Judicial District, Hartford, October Term, 1919.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A Special Act, passed in 1913 (16 Special Laws, p. 841, § 2), empowered the selectmen of the Town of Manchester, after due notice, a hearing, and a finding that public necessity and convenience required such action, to order the construction of a sidewalk and curb upon any highway in the town and cause the same to be completed, specifying in such order the materials, dimensions, location and grade, and, upon the completion of the work, gave the town a lien for two thirds of the cost upon the lands of the respective abutting owners. The Act permitted any person aggrieved by the order, to appeal to a judge of the Court of Common Pleas in Hartford County, who was authorized to alter the order if he found cause, after due notice and hearing to all parties affected; but contained no provision for any assessment of benefits or damages. *Held* that this Special Act did not repeal by implication § 1437 of the General Statutes, which imposed upon the town liability to an adjoining landowner for special damage to his land caused by a change of grade in the highway.

In the present case the defendant town, in constructing the sidewalk in question in 1914, cut down a ten-foot strip of land adjacent to the plaintiff's premises so as to make it conform to the lower level of the macadamized carriageway which had long existed, and this resulted in leaving a sheer embankment about three feet high on the plaintiff's line, and necessitated the erection of a concrete wall and the moving of shade trees whose roots were cut and exposed. *Held* that such cutting down of the ten-foot strip con-

Tanner *v*. Manchester.

stituted a change in the grade of the highway and gave the plaintiff a right of action for the special damages caused thereby; and that the change effected in the grade of the carriageway in 1896 did not, as the town contended, give the plaintiff a right to recover then for damages which were not caused to his land until the sidewalk was constructed in 1914.

The defendant contended in this court that the complaint failed to state a cause of action, because it did not allege that the parties were unable to agree on the damages and that the selectmen had neglected to apply for the appointment of a committee to assess them, as provided in § 1437 of the General Statutes. *Held* that inasmuch as this question was not raised in the trial court it could not now be made the basis for an assignment of error; and furthermore, that the finding made it clear that such a defense would not have availed the defendant, even had it sought to raise that issue in the trial court.

This court cannot determine whether a question allowed on cross-examination was proper or not, in the absence of any information in the record as to the scope of the direct examination, or as to what answer was made to the inquiry.

Our rules (Practice Book, p. 266, § 5) require that when an error is claimed in rulings upon evidence, the finding shall state in each instance the question, the objection, the exception, and the answer if any.

The defendant assumed that the damages awarded included compensation for the loss of encroachments made by the plaintiff upon the highway. *Held* that there was no foundation for this assumption in the record.

The case of *Gorham* v. *New Haven*, 76 Conn. 700, distinguished.

Argued October 9th—decided December 22d, 1919.

ACTION to recover damages alleged to have been caused to the premises of the plaintiff, an abutting landowner, by a change of grade in the highway, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff for $132, and appeal by the defendant. *No error.*

In 1896 the defendant town voted to expend a certain sum in grading and macadamizing a part of Main Street in front of the plaintiff's land. Only the traveled carriageway was so graded and macadamized. Plain-

tiff's land was higher than this grade, and between the plaintiff's line and the macadam there remained an ungraded strip about ten feet wide which sloped down from the plaintiff's line to the carriageway. At or near the bottom of this slope a gravel sidewalk was constructed by the plaintiff. This condition continued until 1914, when the defendant town concreted the surface of the carriageway and its selectmen ordered the construction of a concrete sidewalk in front of the plaintiff's land, pursuant to § 2 of a Special Act of 1913 (page 841) hereafter referred to. In constructing this sidewalk the town cut down the slope or terrace between the plaintiff's line and the carriageway, to the grade of the carriageway, and left a sheer embankment about three feet high on the plaintiff's easterly line between his land and the highway. Plaintiff was obliged to build a concrete wall at an expense of $87, and to move some shade trees, whose roots were cut and exposed, at an expense of $13. The court found that the plaintiff had suffered $200 damages from the change of the grade in the highway made in 1914, against which it set off $67.25, being two thirds of the cost of constructing the sidewalk, and gave judgment for the plaintiff for the balance.

   *Alexander Arnott* and *Olin R. Wood,* for the appellant (defendant).

   *Herbert O. Bowers,* for the appellee (plaintiff).

   BEACH, J.   The principal question of law involved in this appeal is whether § 2 of a Special Act of 1913 (page 841), repeals § 1437 of the General Statutes so far as to relieve the Town of Manchester from liability for damages caused by a change of grade in highways, when the change of grade is incidental to the construc-

tion of a sidewalk ordered under authority of the Special Act.

Section 2 of the Special Act authorizes the selectmen of Manchester, on finding that public convenience and necessity require it, to order the construction of a sidewalk of specified material and grade, and provides that the town shall have a lien for two thirds of the cost of such construction upon the abutting land. It makes no provision for any assessment of damages or benefits, but does provide that anyone aggrieved by such an order may appeal therefrom to a judge of the Court of Common Pleas of Hartford County.

The claim of the town is that the Special Act covers the whole subject-matter of laying sidewalks in Manchester, and that the plaintiff has no other remedy than that provided by the Act; also that the order in question is a reasonable exercise of the police power; and that the construction of the sidewalk in question was not the act of the town but of the State acting through the selectmen as its agents.

All these claims are dependent on the main contention, that the Special Act supersedes *pro tanto* § 1437; for if it be admitted that the order for the construction of this sidewalk was a reasonable exercise of police power, and if it be admitted that the selectmen in constructing it were the agents of the State, still § 1437, if it applies at all, expressly authorizes adjoining owners to recover from towns special damages caused by any change in the grade of highways. And in *McGar* v. *Bristol,* 71 Conn. 652, 42 Atl. 1000, we held that damages caused by a change of grade in a sidewalk were recoverable under the statute.

Before the statute of 1874 (which was soon repealed) and that of 1882 were enacted, no damages for change of grade in highways were recoverable. *Skinner* v. *Hartford Bridge Co.,* 29 Conn. 523, 536; *Fellowes* v. *New*

*Haven,* 44 Conn. 240, 252; *Healey* v. *New Haven,* 47 Conn. 305. But in 1882 the State voluntarily stripped its agents of immunity from liability for special damages caused by changes in the grade of highways, and no defense based on State agency or police power is available to the defendant town, unless § 2 of the Special Act of 1913 exempts the town of Manchester from a liability to which all other towns, cities and boroughs are subjected.

The power to change the grade of highways without liability for the incidental and necessary damage caused thereby to adjoining proprietors, has been characterized by this court as "a power, which, if not positively dangerous, is certainly liable to be abused." *Healey* v. *New Haven,* 47 Conn. 305, 313. The Special Act does not expressly exempt the town of Manchester from the operation of § 1437, and, in the absence of such express repeal, we cannot put a construction upon the Special Act which would impute to the General Assembly an intention to except the town of Manchester from a liability imposed upon all other municipalities, and to confer upon it alone a power so liable to be abused. There is no necessary inconsistency between the two Acts. The Special Act authorizes the selectmen to fix the grade of any sidewalk as public necessity and convenience may require; and in that respect the Act confers no power which the town did not already possess. The initiative is transferred from the town meeting to the selectmen, but the act when done is the act of the town, and is an exercise of the right of the town to change the grade of highways. The provision that the town shall have a lien on the adjoining land for two thirds of the cost of constructing the sidewalk, irrespective of whether the land is or is not specially benefited thereby, is no doubt a grant of a police power not before possessed by the town. Yet

there is no inconsistency between the right of the town to assess two thirds of the cost of constructing such a sidewalk against the adjoining land, and the right of the adjoining landowner to recover special damages by reason of any change of grade in the highway incidental to such construction. The Special Act relates solely to a construction within the limits of the highway, which may or may not involve a change of grade, and the general statute relates solely to the effect of such a change of grade on the value of the adjoining premises outside of the highway.

It is also claimed that the construction of the sidewalk in 1914 was not a change of grade in the highway. The record shows that the highway existed prior to 1896; that in 1896, by vote of the town, the selectmen graded and macadamized the traveled portion of Main Street in front of plaintiff's land, under the Act relating to State-aided highways; that the grade thus established involved no cutting down of the surface of the highway, except for the width of the macadamized carriageway; and that it was not until 1914, when the sidewalk in question was ordered and constructed, that the surface of the highway adjacent to the plaintiff's land was cut down and the injury complained of inflicted. On this state of facts the plaintiff's right of action did not arise until the sidewalk was constructed in 1914. *Gilpin* v. *Ansonia*, 68 Conn. 72, 35 Atl. 777; *Pickles* v. *Ansonia*, 76 Conn. 278, 56 Atl. 552; *Dickerman* v. *New York, N. H. & H. R. Co.*, 72 Conn. 271, 44 Atl. 228. The change of grade in the carriageway did not give the plaintiff a right then to recover for the damages caused by the subsequent change of grade of the sidewalk. *McGar* v. *Bristol*, 71 Conn. 652, 42 Atl. 1000; *Rogers* v. *New London*, 89 Conn. 343, 94 Atl. 364.

The case of *Gorman* v. *New Haven*, 76 Conn. 700, 58 Atl. 1,—holding that the assessment of damages and

benefits on the original layout of a street includes damages caused by bringing the street to the grade established by the original layout,—has no application to this case, because there is nothing in the record to show that the grade of the sidewalk as finally established in 1914 was the grade established by the original layout of Main Street.

The claim that the complaint states no cause of action because it does not allege that the parties were unable to agree on damages, and that the selectmen neglected to apply for the appointment of a committee to assess damages and benefits as provided in §§ 1437 and 1440 of the General Statutes, was not made in the trial court and cannot now be made the basis of an assignment of error. The essential facts, however, are found: that no hearing on benefits and damages was given by the selectmen, and that the town refused to compensate the plaintiff. This finding explains why the defendant did not raise the issue either by demurrer to the complaint for want of such allegations, or by defending on the ground that it had had no opportunity to proceed under the statute.

Exception was taken to the admission of a question on cross-examination asked of one of the defendant's witnesses who had testified as to the plaintiff's damages. The record does not inform us as to the scope of the direct examination, nor does it state what answer the witness made to the particular question objected to. We cannot say whether or not the question was proper upon cross-examination. Moreover, the finding does not comply with our rules (Practice Book, 1908, p. 266, § 5), which require that when an error is claimed in rulings upon evidence the finding shall state in each instance the question, the objection, the exception, and the answer if any.

The claim of error in respect to the assessment of

damages, assumes that the plaintiff was compensated for the loss of certain encroachments made by him on the highway. We find no foundation for this presumption in the findings of the court.

There is no error.

In this opinion the other judges concurred.