## SARAH L. GILPIN *vs.* THE CITY OF ANSONIA.

Third Judicial District, Bridgeport, April Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

In an action to recover damages caused by a change in the grade of a high-
way, the defendant alleged as a second defense, that a legal assess-
ment of benefits and damages had been made in the manner required
by the city charter, and that such assessment had never been appealed
from, but was in full force and effect. This defense also averred that
the plaintiff consented to the change of grade, which was completed
in October, 1892, and made no claim for damages until July, 1895.
*Held* that the latter averment did not constitute a separate and dis-
tinct defense; especially in view of an amendment filed by the de-
fendant wherein such consent was claimed by it only as a license to
change the grade without prepayment of damages; and that such an
allegation, however unnecessary, did not make the pleading bad for
duplicity.

The mere change of grade of a highway is not a "taking of property"
within the meaning of § 11 of Art. I. of the Constitution of this State;
nor is compensation for damage that may thereby be incurred, a con-
dition precedent to the lawful execution of an order for the change,
unless required by statute.

In the present case the change of grade was ordered, and was completed
in October, 1892, by the borough of Ansonia. In December, 1893, the
borough was merged in the city of Ansonia and the rights and duties
of the former vested in and became obligatory upon the latter. *Held*
that under this legislation it was the duty of the city to cause an
appraisal of damages and benefits to be made, and in the manner pro-
vided by law in its charter, which differed but slightly from the pro-
cedure authorized by the borough charter.

The city charter provided that the estimate made by the board of common
council should be a valid assessment, unless the persons affected thereby
neglected or refused to accept it. *Held* that an estimate made by a
committee of the board after due hearing, which was reported to and
adopted by the board, was in accord with the charter provision.

The liability of a municipality for damages caused by a change of grade in
a highway, does not arise until actual damage has been sustained by
the adjoining landowner; and the latter's right of action is not com-
plete until the municipality has failed to perform its duty in ascer-
taining the damages and benefits in the manner prescribed by law.
If proceedings for this purpose have been begun by the municipality
and are pending at the time of suit, that fact is a complete defense to
the landowner's allegation that no provision had been made for the
legal assessment of damages and benefits.

Gilpin *v.* Ansonia.

While it is the duty of the municipality to make an assessment within a
    reasonable time after the change of grade is completed (unless required
    by its charter or by statute to make it before the grade is changed),
    yet where the record showed that the delay in a particular case was due
    in part to the belief of the city that nobody claimed any damage and
    that if any existed it was fully offset by special benefits, and in part to
    the fact that the power of the municipality to make an assessment was
    in litigation and doubtful, it was *held* that the delay could not be
    regarded as so unnecessary and unreasonable as to constitute a bar to
    the legal assessment which was actually in progress when the plaintiff's
    suit was commenced.

[Argued April 21st—decided June 25th, 1896.]

ACTION to recover damages for a change of grade in a
highway adjoining the plaintiff's premises, brought to the
Court of Common Pleas in New Haven County, and tried
to the court, *Hotchkiss, J.*, upon the plaintiff's demurrer to
the defendant's answer; the court overruled the demurrer
and rendered judgment for the defendant, and the plaintiff
appealed for alleged errors in the rulings of the court. *No
error.*

This is an action against the city of Ansonia to recover
the amount of damage sustained by reason of a change of
grade in a highway made by the borough of Ansonia, and is
brought in pursuance of § 2703 of the General Statutes, which
provides that when the owner of land adjoining a public high-
way " shall sustain special damage or receive special benefits
to his property by reason of any change in the grade of such
highway by the town, city, or borough in which such high-
way may be situated, such town, city, or borough shall be
liable to pay to him the amount of such special damage, and
shall be entitled to receive from him the amount or value of
such special benefits, to be ascertained in the manner pro-
vided for ascertaining damages and benefits occasioned by
laying out or altering highways therein."

The borough of Ansonia completed a change of grade in
Tremont street, a highway within said borough, in October,
1892.   The plaintiff owned a piece of land adjoining said
highway.   The charter of the borough (enacted April 7th,
1887) provided the manner for ascertaining damages and

benefits occasioned by laying out, altering and grading highways therein. Special Acts of 1887, p. 601. June 20th, 1893, the city of Ansonia was incorporated. Special Acts of 1893, p. 932. By the charter the borough was merged in the city, and it was provided (§ 16) that all the property and rights of action owned by the borough of Ansonia "are hereby" transferred to and vested in the city of Ansonia, and said city "is hereby and by acceptance of this Act" made liable for all the debts and obligations of said borough, of every kind and nature due or to become due, and shall execute, abide by and perform all the duties and obligations, and have and exercise all the rights of said borough; and any person having any claim arising out of any contract, obligation or otherwise, against said borough, may enforce the same against said city in the same manner as if said claim, right or obligation had originally accrued against the city of Ansonia. Section 89 repealed the charter of the borough, to take effect December 1st, 1893, and provided for the continuity of corporate existence, obligations and rights. At the time of the merger of the borough in the city, no assessment nor appraisal in respect to the change of grade in Tremont street had been made. The city charter (§ 42) provided for ascertaining damages and benefits occasioned by laying out, altering and grading highways therein, in a manner differing somewhat in detail, but so far as affecting the rights of property owners, substantially similar to the manner provided in the borough charter. July 13th, 1895, the city authorities set in motion proceedings for ascertaining in the manner provided by the city charter, the damages and benefits arising from the change of grade in Tremont street. August 22d, 1895, at a meeting of a committee of the Board of Common Council appointed to ascertain and report the benefits and damages as a basis for assessment and award of the board, the attorney of the plaintiff (who had been served with a notice to appear) appeared before the committee, stated the damages claimed by the plaintiff, and was fully examined respecting the same. Said attorney was authorized by the plaintiff to appear on said matter. The committee reported to the Board of Com-

mon Council, and on September 11th, 1895, the board esti-
mated and appraised the benefits received and the damages
sustained by the plaintiff by reason of the change of grade,
as equal ; notice of such estimate was given to the plaintiff,
who neglected and refused to accept and abide by the same.
On September 28th, 1895, the mayor of the city appointed a
committee of freeholders to assess the benefits and appraise
the damages. At a meeting of said committee (of which due
notice in accordance with the charter had been given) the
same attorney for the plaintiff was present, stated the nature
of his claim, and was examined by the committee upon all
matters in relation thereto ; said attorney was duly author-
ized by the plaintiff to so appear for said purpose. The com-
mittee made an assessment of damages and benefits, to the
effect that the plaintiff had not sustained any damages over
and above the benefits received. Said assessment was duly
accepted and adopted by the Common Council. Due notice
of said assessment was served upon the plaintiff. The plain-
tiff did not take an appeal, and said assessment has never
been reversed or in any way set aside or vacated. This
action was commenced September 17th, 1895.

The complaint, in the first four paragraphs, alleges that
Tremont street was a highway in the city and borough of
Ansonia, and that the plaintiff was the owner of adjoining
land ; that the borough duly ordered, and in October, 1892,
completed, a change of grade in Tremont street, and that
by reason of such change of grade the plaintiff sustained the
damage specified. The fifth paragraph alleges that on De-
cember 1st, 1893, the borough became merged in the city,
which by virtue of the city charter succeeded to the rights
and liabilities of the borough. The sixth paragraph alleges
that the plaintiff never received notice of a hearing on the
assessment of benefits as provided by law, and that in fact
neither the borough nor the city has made any provision for
the legal assessment of benefits and damages by reason of
said change of grade. The defendant's answer contains a
first defense denying the alleged damage and denying para-
graph six ; and a second defense setting out in detail the

proceedings in the assessment and appraisal made under the city charter, and alleging that such assessment is now in full force and effect. The plaintiff demurred to the second defense, assigning as reasons of demurrer: 1, duplicity; 2, that the city had no power to make the alleged assessment; 3, that the assessment made was not in accordance with the charter; 4, that the action was brought before the assessment was made; 5, that it appears that no assessment was made within a reasonable time after the change of grade was made; 6, that the charter of the borough required an appraisal of damages before any change of grade could be made. The 6th reason was made under a misapprehension of the provisions of the borough charter, and was abandoned during argument. The Court of Common Pleas overruled the demurrer, and the defendant having amended its answer by striking out denials of fact, and the plaintiff having filed no reply raising an issue of fact, the court, upon the pleadings, rendered judgment for the defendant. From this judgment the plaintiff appealed, assigning as reasons of appeal errors claimed in overruling the demurrer.

*E. P. Arvine* and *Charles C. Ford*, for the appellant (plaintiff).

The changing of the grade without having benefits and damages assessed, gave the plaintiff an absolute right of action. *Healey* v. *New Haven*, 49 Conn. 394, 403; *Shelton Company* v. *Birmingham*, 62 id. 456, 459; *Mallory* v. *Huntington*, 64 id. 88, 98; *Platt* v. *Milford*, 66 id. 330; *Harding* v. *Stamford Water Co.*, 41 id. 87, 95. In none of these cases had so long a time intervened between the injury and the suit, as in the present case. When a right of action has accrued to a party which he is entitled to have tried in the courts by a jury in a regular way, he cannot be deprived of a jury trial by any subsequent action of the defendant. The subsequent assessment of benefits and damages, if made pursuant to the statute in cases of continuing injury, may cut off any claim for damages subsequently caused, but such assessment cannot avoid a right of action which has already arisen.

*Bethlehem South Gas & Water Co.* v. *Yoder,* 112 Pa. St. 136, 143; *McClinton* v. *R. R. Co.,* 66 id. 409; *Harrisburg* v. *Changle,* 3 W. & S. 464; *Penn. R. R. Co.* v. *Ely,* 107 Pa. St. 106, 172; *Blodgett* v. *Utica Black Riv. R. Co.,* 64 Barb. 580, 587; *Leber* v. *Minneapolis &. N. R. R.,* 29 Minn. 256, 260; *Collaman* v. *Port Huron & N. W. R. Co.,* 61 Mich. 15, 21; Lewis on Eminent Domain, § 507. The charter of the borough, in connection with the statute as to grading, clearly provides that the damages must be paid before the grading is done. Even if the borough could have had benefits and damages assessed after the change of grade, it should have done so within a reasonable time. Three years is not a reasonable time to wait. The *city* had no power to assess these damages. The power given to the city applies only to future improvements. The plaintiff did not waive her right to a trial of the question of damage in the constitutional mode. *Platt* v. *Milford,* 66 Conn. 336; *Leber* v. *Minneapolis & Northwestern R. R. Co.,* 29 Minn. 256, 260. Plaintiff is not estopped by the appearance of her attorney before either committee. The second defense was bad on the ground of duplicity. Two or more defenses cannot be joined as one defense.

*V. Munger* and *George H. Ennis,* for the appellee (defendant).

The defendant had an absolute right to do the acts complained of. No liability would arise if the damages and benefits were assessed as required by law. Section 2703 of the General Statutes simply gives a property owner a right to sue if the town or city neglects to have an assessment made. The statute is silent as to the time when this must be done. If the property owner does not object to the work as it progresses and stands by till it is completed, no reason exists why the municipal authorities may not then have the damages and benefits assessed. Mills on Em. Dom. §§ 148, 143; Randolph on Em. Dom. §§ 118, 379, 132; Lewis on Em. Dom. § 647; *Harding* v. *Stamford Water Co.,* 41 Conn. 87. The case of *Healey* v. *New Haven,* 49 Conn. 394, is decisive of this question. Assuming, however, that prepayment of damages

is necessary to the taking of private property for public use, then what? In such cases the land-owner may object to the taking and insist on his rights, or he may waive them. The defendant, in its second defense, alleges that the plaintiff *in fact* consented to what the borough did. The defendant had a right to have the jury pass on the allegation of consent. The amendment did not affect that right. The question of consent did not then become one of law. Cooley, Const. Lim. p. 561; *Pinkham* v. *Chelmsford*, 109 Mass. 229; *Phyfe* v. *Eimer*, 45 N. Y. 104; *McAuley* v. *Western Vt. R.*, 33 Vt. 311, 78 Am. Dec. 627; *Pittsburg, Vir. & Charleston Ry. Co.* v. *Oliver*, 131 Pa. St. 408; *Provolt* v. *C. R. I. Ry. Co.*, 57 Mo. 264; *Jones* v. *N. O. & S. Ry. Co.*, 70 Ala. 228; Randolph on Em. Dom. §§ 388, 382; *Camp* v. *Meriden*, 46 Conn. 285. The city of Ansonia had all the "rights" of the borough of Ansonia. There can be no question that the borough had the right to have an assessment made, and this right was transferred to the city. The assessment made by the city was within a reasonable time. The plaintiff voluntarily appeared before two different committees appointed to assess damages, and at no time did she make the slightest objection on the ground now urged. Her counsel was authorized to appear for her on both occasions, and he then submitted to said committees the amount of damages claimed. Such action was a waiver of the point now suggested. Having remained silent and taken her chances of a favorable result, she cannot now insist upon this objection. *Gilbert* v. *New Haven*, 39 Conn. 471; *Great Falls Mfg. Co.* v. *Garland*, 124 U. S. 58. If the city is bound why not the plaintiff? *Dyckman* v. *New York*, 5 N. Y. 434; *Bethlehem Water Co.* v. *Yoder*, 112 Pa. St. 136; *Adams* v. *Harrington*, 114 Ind. 66; *Fisher* v. *Hobbs*, 42 id. 276; *Ney* v. *Sweeney*, 36 id. 456; *Crowell* v. *Londonderry*, 63 N. H. 42; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Leonard* v. *Sparks*, 117 Mo. 103, 38 Am. St. Rep. 646; *Ogden* v. *Stokes*, 25 Kan. 517; *Leber* v. *Railway Co.*, 29 Minn. 261.

HAMERSLEY, J.   The plaintiff's demurrer to the second

defense states substantially five reasons why the pleading is claimed to be insufficient:—

*First.* That the defendant in stating its defense of a legal assessment of benefits and damages still in full force and effect, sets up a second and a separate and distinct defense, by alleging that the plaintiff consented to the change of grade, making no claim for damages therefor until July, 1895. This is plainly not so, especially in view of the amendment in which the defendant says the consent is claimed only as a license to the borough to make the change without prepayment of damages. However unnecessary such allegation may be, it does not make the pleading bad for duplicity.

*Second.* That the facts stated in the second defense show that the city of Ansonia had no power to make the alleged assessment. It is admitted that the borough had power to make an assessment, but it is claimed that the provision of the Constitution prohibiting the taking of property for public use without just compensation, required the payment of damages before the change in grade was made. How far such prepayment is necessary in the case of property clearly taken within the meaning of this clause of the Constitution, especially when taken by the State directly or through the agency of a municipal corporation, has never been fully considered by this court. *Hooker* v. *New Haven & N. Co.*, 15 Conn. 312, 326. The question does not arise in this case, because the sum which the defendant may be liable to pay for damages sustained by an owner of adjoining land by reason of a change of grade in the highway, does not represent compensation for the "taking of property," within the meaning of the Constitution. In such cases the "taking" occurs when the land within the highway is condemned for that public use. Compensation must then be made; and such compensation at the time the Constitution was adopted, included by force of a legal presumption, all future consequential injury to property rights of the owners of adjoining land, caused by the lawful acts of the public in adapting the land taken to the purposes of a highway. A change in the grade

of a highway is such lawful act, and does not necessarily cause a legal damage to the property of adjoining owners; and even when legal damage may result, such damage is not compensation for "property taken." *Nicholson* v. *New York & N. H. R. Co.*, 22 Conn. 74; *Fellowes* v. *New Haven*, 44 Conn. 240; *Callender* v. *Marsh*, 1 Pick. 418.

This legal presumption of compensation for consequential injuries that might arise in the future, was partially abolished by statute (§ 2703), and a liability to pay the amount of actual damage sustained by a change in the grade of a highway was recognized; but this legislation did not so alter the character of the act by which a grade is changed, that a lawful use of property legally condemned becomes the seizure of property without compensation. A mere change of grade in a highway is clearly distinguishable from the appropriation of the highway to another use; from the imposition of an additional servitude. The distinction is pointed out in *Nicholson* v. *New York & N. H. R. Co.*, *supra*, p. 85. This view was alluded to in *Platt* v. *Milford*, 66 Conn. 320, 335, but not settled, because unnecessary to the decision in that case. It is now a material question, and we hold that compensation for damage that may be incurred by a change of grade, is not a condition precedent to the lawful execution of an order for such change, unless required by statute. In this case the charter of the borough and of the city do not require the appraisal to precede the work. It being lawful for the borough to make an assessment at the time of its merger in the city, it was lawful for the city to make such assessment. The charter of the borough was repealed, but the municipal corporation was not extinguished; the alteration of the form from a borough to a city, did not break the continuity of its existence. The city charter expressly provided against such a result, and required the city to execute and perform every obligation of any kind and nature incumbent on the borough, and authorized it to have and execute all the rights of the borough. The liability of the city for any damage caused by the change in grade was the same as that of the borough; the obligation to appraise the damage and assess the better-

ments was the same; the liability to an action in case of neglect to perform that duty was the same. Upon December 1st, 1893, it became the duty of the city to cause an appraisal of damages and assessment of betterments in respect to the change of grade in Tremont street, to be made, and to have this assessment made in the manner provided by law; and the only manner provided by law was that contained in the city charter. The charter of 1893 modified, without substantially altering, the mode of assessment prescribed by the charter of 1887; it is not claimed that such an alteration of the procedure was of itself invalid, and we think there is no ground for such a claim. It follows that the city of Ansonia had power to make an assessment.

*Third.* That it appears from the facts stated in the second defense, that the assessment made was not in accordance with the charter. The procedure prescribed in the charter requires: 1, an estimate by the Board of Common Council, which is a valid assessment unless the person or persons affected thereby neglect or refuse to accept the estimate of the Common Council; 2, in case of such neglect or refusal, an appointment by the mayor of freeholders who shall make the assessment in the manner prescribed, and report to the Common Council; 3, an acceptance and adoption of said report by the Common Council; 4, notice to the parties named in the assessment. Such assessment is final and conclusive, unless an appeal is taken to the Superior Court for New Haven county, held on the first Tuesday of the month next following. The second defense alleges the due performance of all these requirements. The only deviation suggested, is the appointment of a committee by the Common Council, which gave a hearing to the parties and made an estimate which was, on September 11th, 1895, adopted by the council. The appointment and action of the committee did not prevent the final action being that of the Common Council, in accordance with the charter. *Bartram v. Bridgeport,* 55 Conn. 122.

*Fourth.* That the present action was brought before the assessment was made. The plaintiff assumes that she had a fixed right of action against the borough the moment its ser-

vants entered upon the highway for the purpose of changing the grade. This is not the law. In *Platt* v. *Milford*, *supra*, p. 329, we said that § 2703 "recognized an absolute liability for damages caused by such alteration on the part of the municipality ordering the same; so that when such municipality failed to follow the mode prescribed for it by law in ascertaining such damages, the party injured may bring an ordinary action at law, based on such absolute liability, to recover his damages." This liability does not exist until. actual damage has been sustained, and the right to an action is not complete until the municipality has failed to perform its duty in ascertaining the damages in the manner prescribed by law. The very statute which recognizes a legal liability, prescribes how its amount shall be ascertained. It does not exclude the parties from compromising their differences by an agreement express or implied ; but it does not permit each person injured to enforce his separate claim by an action at law, until the municipality charged with the duty of ascertaining in the prescribed manner the amounts due, shall have failed to perform that duty. Public interest calls for the settlement in one proceeding, of claims arising from one public improvement. When this action was brought, the city of Ansonia had not failed to perform that duty (unless the delay had been such as to bar the statutory proceeding). On July 13th the city set in motion the proceedings for a legal assessment; on September 11th the first step in the assessment was completed, a step which might constitute a final assessment through the acceptance of the plaintiff; she refused to accept, and on September 28th the next step was taken, and on October 5th the amount of the final assessment was fixed. This action was brought on September 17th, after the assessment proceedings had commenced, and was made returnable October 7th, after the amount of the assessment had been determined. When this action was brought, the proceedings prescribed by law for the ascertainment of the damages and benefits was in process of execution ; when the defendant appeared in court in obedience to the writ, the proceeding had been substantially completed. These facts

are a complete defense to the material allegation in the 6th paragraph of the complaint, that "no provision has been made by either the borough of Ansonia or the said city of Ansonia, for the legal assessment of benefits and damages by reason of said change of grade on said Tremont Street." It thus becomes unnecessary to consider the claim urged by the defendant, that the plaintiff by appearing before the assessment committee on October 5th and presenting her claim, was estopped from pursuing an action which might have been maintained if she had not appeared.

*Fifth.* That it appears from the second defense that no assessment was made within a reasonable time after the change of grade was made. It was not incumbent on the municipality to make the assessment until after the change in grade had been completed, but it was its duty to make the assessment within a reasonable time thereafter. An unnecessary delay may justify a party injured in bringing his action at law ; such delay, whether long or short, is evidence of a failure to commence the proper proceedings, but is of no avail as such evidence, when the proceedings have in fact been commenced before suit is brought; unless indeed a delay may be so unreasonably long as to be a bar to any legal assessment. Assuming, for the purposes of argument only, that a legal assessment may be so barred, we cannot say that it appears from the second defense that the delay was so wholly unreasonable. The law in relation to assessments for changes in grade since the enactment of § 2703, has not been well settled. We cannot say that it was altogether unreasonable for the borough, under the existing state of the law, to assume that the damages and benefits from a particular change were equal, and that no duty to make an assessment existed unless somebody claimed a damage ; and in respect to this particular change of grade, our reports show that the validity of the borough action in making the change was in controversy, and consequently the power of the city to make an assessment was in doubt until that question was settled. *Cook* v. *Ansonia,* 66 Conn. 413. The record before us shows that within a short time after the decision settling the duty of

the city, these proceedings for an assessment were commenced. The assessment of benefits and appraisal of damages, as alleged by the defendant and admitted by the demurrer, was a good defense to the action ; and the demurrer was properly overruled.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.