CHARLES E. WOODWARD ET AL. *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The charter of the city of New Haven (§§ 81, 85) provides that when an assessment of the damages caused by a public improvement has been accepted and recorded and the amount thereof paid to, or deposited for, the persons entitled thereto, the land "shall be and remain devoted to the public use"; but that anyone aggrieved may appeal to the Superior Court and that no land so taken shall be occupied by the city until all appeals have been finally disposed of, except that, when the appeal is not taken from the layout itself, the city may, upon

Woodward *v.* New Haven.

giving security for the payment of the damages awarded, immediately take possession of the land. *Held:*

1. That for the purpose of fixing the time when an award of damages becomes due and payable, land is not "taken" until there is an actual physical appropriation by the city or until an appeal, if one is instituted, has been finally disposed of.

2. That, except when the city chooses to exercise its option of giving security and taking immediate possession, a landowner who appeals and so retains the use of his premises, is not entitled to recover interest on the sum awarded him by the Superior Court from the date of the first assessment, since, to allow interest under such circumstances would practically permit the owner, pending the appeal, to have both the use of the property and the use of the money found to be its equivalent.

3. That, by the same token, he is not entitled to interest pending an appeal to the Supreme Court of Errors from the judgment of the Superior Court, whether the appeal is taken by himself or by the city.

4. That any diminution in value of the use of property caused by condemnation proceedings, pending an appeal therein, is a proper subject of proof and consideration upon the appellate hearing.

Argued January 20th—decided February 28th, 1928.

ACTION to recover interest alleged to be due upon the principal sum of an award of damages made to the plaintiffs in proceedings for the condemnation of their real estate by the defendant, brought to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment for the plaintiffs, and appeal by the defendant. *Error; judgment directed for defendant.*

*Louis Feinmark,* with whom was *Jesse Greenes* and, on the brief, *Samuel A. Persky,* for the appellant (defendant).

*Daniel D. Morgan,* with whom was *Joseph B. Morse,* and, on the brief, *Philip Pond,* for the appellees (plaintiffs).

BANKS, J. On November 26th, 1924, the defendant, under its power of eminent domain, took for park

purposes three parcels of land, two of which belonged to the plaintiffs jointly and one of which belonged to the plaintiff Frank A. Woodward, individually. The plaintiffs appealed to the Superior Court from the awards made by the bureau of compensation, and judgments were rendered in their favor in that court, October 15th, 1926. The city appealed from these judgments to this court, which appeals were withdrawn May 2d, 1927, by stipulation of the parties, in which it was agreed that the city should pay the amount of the judgments without interest, that upon such payment the plaintiffs should convey the property to the city, and that the withdrawal of the appeals and the payment of the judgments should be without prejudice to the right of the plaintiffs to interest upon the judgments rendered in the Superior Court.

There were no buildings on any of the land involved in the proceedings and no income was derived from any of it except that prior to November, 1924, the plaintiff Frank A. Woodward leased a portion of his land for market garden purposes for $200 a year.

The only question before us is: Are the plaintiffs entitled to interest upon the amount of the judgments in the Superior Court to the date of their payment?

Interest upon a demand begins to run when the principal sum becomes due and payable. Where land is taken by eminent domain the principal sum becomes due and payable when the land is taken. The contention of the plaintiffs is that the land is "taken" at the time of the original assessment, in this case November 26th, 1924, while that of the defendant is that the date of the taking for the purpose of fixing the time when the award becomes due and payable is that of the actual physical appropriation of the property by the defendant, or when an appeal, if one is taken, has

been finally disposed of. The charter of the defendant city provides for the assessment of damages for the taking of land by the city under its power of eminent domain by a bureau of compensation, which reports its doings to the department of public works, which in turn reports to the board of aldermen, which may adopt or modify such assessment, and then provides (§81): "When such report or modification shall have been accepted and recorded in the records of the board of aldermen, and when the damages shall have been paid to the person whose property has been taken or damaged for such public purpose, or shall have been deposited with the city treasurer to be paid to such person when he shall apply for the same, then each of said assessments shall be legally deemed to have been made, and if the matter relate to the taking of land, the land described in the order of said board of aldermen shall be and remain devoted to the public use for which it shall have been so designated."

Section 85 of the charter provides that any person aggrieved may make application for relief to the Superior Court, which may confirm, amend or modify the assessment, and that "no land taken as aforesaid shall be occupied by the city until the time for taking appeals shall have expired, and until all appeals have been finally disposed of," except that, when the appeal is not taken from the layout itself, the city may, upon giving security for the payment of the damages awarded, immediately take possession of the land. In *Fox* v. *South Norwalk*, 85 Conn. 237, 82 Atl. 642, there was a charter provision similar to that quoted above from §81 of defendant's charter and, in reviewing a judgment allowing interest from the date of the original assessment, we said (p. 244): "By the provision of the city charter, the plaintiffs' land could not be lawfully taken until . . . the plaintiffs' damages had

been paid, or deposited in the city treasury subject to their respective orders. As their damages had not been paid at the date of the judgment, the land had not been legally taken at that time, in the sense that the owner had been deprived of its use or damaged by the contemplated change of lines and grades or taking of the land. No interest, therefore, was allowable upon the amount of the assessments."

*Bishop* v. *New Haven*, 82 Conn. 51, 76 Atl. 646, was an action to recover interest on an award of damages for the taking of land under this same charter. The plaintiffs there had appealed from the award of the bureau of compensation to the Superior Court, and claimed that they were entitled to interest upon the amount of the reassessment made by the court from the date of the original assessment to that of payment of the award. We there said (p. 57): "No provision of the charter, nor principle of law, entitled the plaintiffs to receive compensation for their land while they continued to exercise their right to retain possession of it. By the provisions of the charter, when the original assessment was made, the plaintiffs had the option either to accept the sum awarded them, or to continue to occupy their premises while their appeal was pending. They could not do both. They elected to keep possession of their property, with the hope of obtaining an increased assessment. To allow them interest upon the amount of the reassessment from the date of the original assessment would be in effect to permit them, while their appeal was pending, to have both the use of their property and the use of the money found to be its equivalent." In the *Bishop* case no appeal was taken from the judgment of the Superior Court reassessing the damages, and in the action to recover interest the Superior Court awarded the plaintiffs interest on the reassessment from the date of judgment

to that of payment. The interest awarded in the present case was also interest from the date of the judgment of the Superior Court to that of payment. In the *Bishop* case we were not called upon to consider the question of the allowance of interest from the date of the judgment of the Superior Court, since the city did not appeal from the judgment making such allowance. It is the contention of the plaintiffs that the purpose of the provision of §85 of the charter, that no land should be occupied by the city until all appeals have been finally disposed of, was to give the property owner protection while any appeal that he might be pressing was pending, and that this provision does not apply to an appeal taken by the city itself from the judgment of the Superior Court reassessing the damages. They say that, since they did not elect to pursue their appeal to this court, their appeal, as parties aggrieved by the original assessment, was no longer pending, and that the city cannot by itself appealing deprive them against their will of their right to payment for their property as of the date of the judgment of the Superior Court. There is no difference in the legal situation whether the appeal to this court is taken by the property owner or the city. If he takes an appeal from the assessment the city cannot take possession of his land until that appeal is "finally disposed of," and that is not done so long as the case is still pending before any court to which either party may take it for final adjudication. This being so, the city, under this provision of the charter, had no right to occupy the property and the plaintiffs, having the use of their property after as well as before the judgment of the Superior Court, could not also have the use of the money found to be its equivalent.

The proviso in §85, to the effect that the city may, upon giving security for the payment of the award,

take immediate possession of the property, was added to that section by way of amendment since the decision in the *Bishop* case.   It is contended by the plaintiffs that, since the city may now, upon giving security, occupy the property without waiting until an appeal is disposed of, the owner no longer has his option of taking the award or appealing and keeping possession of his property.   This is true to the extent that, if the city elects to furnish security and take possession, the property owner must then surrender possession, but will in turn be entitled to payment at once or, if he chooses to appeal, will, when the appeal is finally disposed of, be entitled to interest upon the award from the date when the city took possession.   The rule of the *Bishop* case still applies—he cannot have both the use of his property and the use of the money which is its equivalent, and conversely he is entitled to the use of the money from the date when he is deprived of the property until the money is paid.

In *Shannahan* v. *Waterbury,* 63 Conn. 420, 28 Atl. 611, cited upon plaintiffs' brief, the question involved was whether damages should be assessed according to the value of the land at the time the assessment was made or as of the time of the hearing before the committee.   In that case the Waterbury charter gave the city the right to proceed with the improvement notwithstanding the appeal, and the city actually did take possession of the land pending the appeal.   It was held that the value of the land taken was to be determined as of the date of the original assessment.   No question of interest upon the award was involved.

It is doubtless true that the institution of condemnation proceedings has an immediate effect upon the value of the possession of the landowner, which in the case of certain types of property may be quite substantial, but, as we said in *Bishop* v. *New Haven,*

Basta *v.* United States F. & G. Co.

*supra* (p. 57): "Any diminution in the value of the use of the property while the appeal was pending, caused by the condemnation proceedings already taken, was a proper subject of proof and consideration upon the reassessment hearing. *Shoemaker* v. *United States,* 147 U. S. 282, 13 Sup. Ct. 361."

It cannot seriously be claimed upon the facts found that there was any physical appropriation of the plaintiffs' property prior to May 2d, 1927, upon which day the assessments were paid, and plaintiffs were not therefore entitled to interest upon the amount of the award.

There is error, the judgment is reversed and the Superior Court directed to enter its judgment for the defendant.

In this opinion the other judges concurred.