FERNLEIGH E. BISHOP *vs.* CITY OF MERIDEN.
EDWARD J. BISHOP *vs.* CITY OF MERIDEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued January 6th—decided March 8th, 1932.

*Denis T. O'Brien, Jr.,* and *Cornelius J. Danaher,* with whom was *Robert M. Dowling,* for the appellant (defendant).

*George E. Beers* and *Irving G. Smith,* for the appellees (plaintiffs).

MALTBIE, C. J. These are appeals from appraisals of damages and assessments of benefits made by the city of Meriden in connection with the acceptance of a certain street and the establishment of street and curb lines and grades for it. The finding states that in the assessment proceedings by the city authorities the damages and benefits as regards the appellants in the court below, of whom we shall speak as the appellants, were found to be equal, but the record does not show whether any specific amounts of damages were appraised to them or benefits assessed against them.

In establishing the grade of the street, a cut was made across the front of the appellants' properties of considerable depth. They expended, one $945.32, and the other $1322.98, in building retaining walls, grading their properties and for other work made necessary by the improvements. The trial court found the amount of damages to each appellant in excess of any benefit derived by him from the improvement was the amount of this expenditure; it stated as its conclusion that in each case the value of the land and buildings before the grade was changed was greater than the value after the grade was changed but before the appellant did his work by the sum so expended; but we interpret this conclusion as intended to be merely a restatement of the paragraph in the finding we have referred to. Judgment was entered in each case that the appellant recover this sum with interest from the city and the city has appealed.

The city seeks certain corrections in the finding but no material change can be made in it. One of the requested changes raises the question of law whether the trial court erred in adopting as a measure of damages the exact amounts expended by the appellants in the work done upon their properties. While, as the city states, the measure of damages is the difference in value of the property before the improvement was made and after it, such expenditures may be an accurate measure of such difference and the record in these cases shows nothing to indicate that this was not true in the situations presented by them. *Pickles* v. *Ansonia*, 76 Conn. 278, 281, 56 Atl. 552; *Rogers* v. *New London*, 89 Conn. 343, 94 Atl. 364; *Staite* v. *Smith*, 95 Conn. 470, 473, 111 Atl. 799; *Appeal of Phillips*, 113 Conn. 40, 43, 154 Atl. 238.

The relevant provisions of the charter of the city

are printed in the footnote. See 18 Special Laws, p. 969, and following. These provisions while differing in

"Sec. 178. There shall continue to be in said city a board of compensation consisting of three members. . . .

"Sec. 179. Said board shall, whenever ordered by the court of common council, assess upon and against all persons whose property is or will be specially benefited by any of the public works, improvements or proceedings mentioned in this act, their just and reasonable share of that portion of the probable or actual expense of such work, proceeding or improvement, which the court of common council shall determine and order to be paid by the person whose property is or will be benefited as aforesaid, and assess upon and against each particular one of said persons the sum which such person shall pay toward such expense. . . .

"Sec. 180. If any appraisal of damages shall be made in favor of any person, and no assessment shall be made against him for benefits, the amount of said appraisal of damages shall be deemed to be his just compensation and shall be paid to him by said city. If such an appraisal of damages shall be made in favor of any person and an assessment of benefits shall also be made against the same person, the difference between such appraisal of damages and assessment of benefits shall be paid by him to said city, or by said city to him, as the case may be, and he shall be deemed to have received just compensation for all his damages. . . .

"Sec. 181. Any person aggrieved by any appraisal of damages or assessment of benefits made by said court of common council, . . . may . . . appeal from such appraisal or assessment, which appeal . . . shall be taken to the Superior Court for New Haven County. . . . Appeals taken from an appraisal of damages shall also include an appeal from all assessments of benefits made with reference to the work or improvement in relation to which said appraisal of damages was made.

"Sec. 183. Such appeals shall be privileged cases and heard without delay, may be referred to a committee, or to a state referee, or be heard by the court, and the court, state referee or committee may order such additional notice as may be just and reasonable to any parties who may be interested in such appeals or the result thereof, and notice given in pursuance of such order shall be sufficient notice to the parties so interested.

"Sec. 184. If upon the hearing of any such appeal taken from the appraisal of damages, the court, state referee or committee hearing the same shall find cause to increase said damages, said court, or committee shall thereupon proceed to make a reassessment of the benefits assessed with reference to such public work or improve-

detail follow the plan for the making of assessments for public improvements contained in many of our city charters and it will be well at the outset to state the general purpose and effect intended. When a public improvement has been decided upon by a municipality, the board or committee charged with that duty makes an appraisal of damages to those lawfully entitled to them and the amount of such damages with the estimated cost of the improvement, or such portion thereof as may be fixed by the city authorities, is then assessed against those actually benefited by the improvement in proportion to the special benefits each will receive. Whether stated in the charter or not, in no case can the assessment against any property owner exceed the special benefits he will actually receive from the improvement. *Davis Holding Corporation* v. *Wilcox*, 112 Conn. 543, 549, 153 Atl. 169. It necessarily follows that in any such proceeding it may not be possible to assess to those specially benefited all the damages appraised and the cost of the improvement, and where this occurs the city must assume the difference, if it carries out the improvement. In the assess-

ment upon the persons specially benefited thereby, so that the benefits assessed shall equal the whole damages appraised with reference to such work or improvement as increased; provided no person shall be assessed a sum greater than the amount of the benefit resulting to him from such work or improvement.

"Sec. 185. In case of the taking of any such appeal or appeals from an appraisal of damages, the payment of the benefits assessed with reference to the particular work or improvement shall be suspended until said appeal or appeals shall be finally disposed of, and whether such benefits shall be reassessed or remain unchanged, the court shall determine when the benefits, as finally settled, shall become due and payable, and the finding of the court shall be recorded in the records of the city of Meriden, and the benefits in such case shall be enforced and collected in the manner herein provided for the enforcement and collection of benefits. Said court may, at its discretion, award and apportion costs against any of the parties to such appeal or appeals and issue execution therefor.

ment proceedings by the city authorities, in order properly to carry out the procedure established by the charter, particularly with reference to an appeal, there must be a finding of the amounts of damages awarded and of the benefits assessed and also of the actual benefits accruing to each property owner either by a direct finding of those amounts or by a statement of the proportion of those benefits which are assessed.

When an appraisal of damages and assessment of benefits has been made by the city authorities, any person affected may claim to have been unjustly treated because the damages appraised to him are too low or the benefits assessed against him are too high or both. He is therefore given a right of appeal to some court or judge which must, if cause is found to alter either or both, proceed to make a new appraisal of damages to him or assessment of benefits against him. If his damages are increased or the benefits assessed against him are decreased, the result would be to cast upon the city an additional expense. To provide against this, some provision is made for a reassessment of this sum upon those specially benefited, and in this reassessment must be included a proper reassessment against the appellant; but again it is true, and in the charter before us it is especially provided, that such a reassessment may not bring the amount assessed against any property owner above the amount of his actual benefit. If the proceedings by the city authorities conform to the requirements we have stated, this presents no difficulties. But if in those proceedings there is merely a finding that benefits and damages are equal, the court or judge hearing the appeal cannot carry out such a reassessment. If the amount of damages is not stated, ordinarily the court or judge cannot determine the extent to which they have been increased and hence what sum should be reassessed.

If the amounts of actual benefits are not stated directly or by some method by which they can be determined, with the amounts assessed against each property owner, the only way by which a reassessment could be made would be by an independent determination by the court or judge of the special benefits each has received, which the charter does not contemplate. *Newton's Appeal,* 84 Conn. 234, 245, 79 Atl. 742. Manifestly, to assess against the appellant the full amount of his special benefits from the improvement might do him a grave injustice because only a small part of their special benefits may have been assessed against the other property owners affected. The property owner is ultimately entitled to receive the excess of the damages appraised to him above the fair proportion of the special benefits accruing to him which is assessed against him.

The charter of the city of Meriden very effectively carries out this plan of assessment except in one respect: The provision concerning a reassessment is ambiguous in that it only provides for such a procedure where the damages are increased upon appeal without specific mention of a reassessment where the assessment of benefits is decreased and yet it states the purpose of the reassessment to be that the benefits assessed shall equal the whole amount of damages appraised; we merely point this out in passing, as no question arising upon these appeals involves that particular feature of the charter. There is nothing unconstitutional in the provisions of the charter, and they establish an adequate procedure for finally determining the amount of damages and benefits as regards any property owner affected by a public improvement. The trial court had no occasion to go outside the terms of the charter to the General Statutes, nor does it appear that it did.

The trial court having found the additional damages to which the appellants were entitled, failed to carry out the charter provisions for a reassessment upon those actually benefited by the improvement, without any finding that such a reassessment would cause the amounts so assessed to exceed the special benefits actually accruing to them. It is true that, in certain cases, we have sanctioned a failure to carry out charter provisions like the one before us, but in those instances the record did not show that the municipality would be materially affected by that failure. *Bissell* v. *Bethel,* 113 Conn. 323, 327, 155 Atl. 232. It may be, however, that the city is not in a position to take advantage of this error, but this we cannot determine upon the record before us. The court having increased the amount of damages appraised to the appellant would under ordinary conditions undoubtedly be under a duty to reassess that increase upon the property owners specially benefited including the appellant, first giving them notice as provided by § 183 of the charter and an opportunity to be heard. But in order to do that, unless it was to make such an independent reassessment of benefits as we have said was not within the intent of the charter, the trial court must have before it a statement of the amounts assessed against the property owners benefited by the improvement and also a statement either of the amounts of actual benefits found by the city authorities to have accrued to each or of the proportion of the actual benefits which was in fact assessed against each. If, as the record suggests, the city authorities did not in their assessment follow this procedure, the trial court is no position to make a reassessment. Whether this was so or not, the record before us does not sufficiently show.

Aside from this, there is clearly error in the judg-

ment which was entered in the trial court. Section 180 of the charter provides that where there is both an award of damages and an assessment of benefits one shall be set off against the other. Section 185 provides as to the judgment when an appeal has been taken that it shall fix the time when the benefits assessed shall become due and that the court may award costs in its discretion and that the judgment shall be recorded in the records of the city. An appeal is not a proceeding to recover a judgment against the city for the payment of the amount to which any property owner may be found to be entitled, but is one to review and finally determine the amount of damages to be awarded and benefits to be assessed. Such a judgment should fix the amount of damages to which the appellant is entitled and the amount of the special benefits which he and the other property owners are obligated to pay to the city; but it should not award money damages against the city. Upon the recording of the judgment, the appellant would become entitled to receive from the city any excess of damages awarded him over the amount of benefits assessed against him, but until it is recorded the city is not in default as to any payment to be made to him. If the city does not, within a reasonable time after he becomes entitled to receive that excess, pay him the amount due he may then bring an action against it for the recovery of that amount.

There was no error in the exclusion of a certain map offered by the city. The appellants did not claim that any land had been taken in the making of the improvement and if the map was admissible at all for the purpose of showing the width of the street which had existed before the improvement, its materiality for that purpose does not appear; and the references in the deed under which the appellants claim and the

other testimony in the record do not sufficiently iden-
tify the map offered as the one referred to in it.

There is error, the judgment is set aside and the
case remanded to be proceeded with according to law.

In this opinion the other judges concurred.