EDWARD J. BISHOP *vs.* CITY OF MERIDEN.

FERNLEIGH E. BISHOP *vs.* CITY OF MERIDEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 14th—decided November 8th, 1932.

*Denis T. O'Brien, Jr.,* and *Cornelius J. Danaher,* with whom was *Robert M. Dowling,* for the appellant (defendant).

*George E. Beers* and *Irving G. Smith,* for the appellees (applicants).

MALTBIE, C. J. The appellees in these cases, Edward J. and Fernleigh E. Bishop, own property in the city of Meriden which was affected by a street improvement. The city authorities made an assessment of benefits and damages on account of the improve-

ment and as to the Bishops found them to be equal.
They appealed to the Superior Court and that court
found that each was entitled to damages to a consid-
erable amount in excess of the benefits derived from
the improvement and gave judgment that each should
recover that amount, with interest, from the city.
Upon appeals taken to this court we found error and
remanded the cases to the Superior Court to be pro-
ceeded with according to law. *Bishop* v. *Meriden,* 114
Conn. 483, 159 Atl. 289. On the return of the cases
to that court, the Bishops made a motion for judgment
in accordance with the opinion of this court and, the
parties having appeared before it, the Superior court
gave judgment that the damages to each of the Bishops
should be increased to the amount fixed at the original
trial except for the interest, but adjudged that interest
should be payable from the date of the final step in the
assessment proceedings by the city authorities and
directed that the judgments be recorded in the records
of the city. From these judgments the city has ap-
pealed.

The substantial ground of appeal is that the trial
court, upon the remand of the cases, should have de-
termined the amount of special benefits accruing to
each of the property owners affected by the improve-
ment and, upon the basis of the benefits so determined,
should have apportioned among them the amounts by
which the damages to the Bishops were increased by
the court. The trial court has found that the city
authorities merely determined that the amounts of the
damages and of the benefits as to each property owner
affected by the improvement were equal and that they
did not determine the actual amount of damages suf-
fered or benefits accruing to any property owner. The
city claims that those authorities did find the amounts
of such damages and benefits but did not state the

amounts in the assessment proceedings. If we interpret the finding of the trial court as meaning no more than the city claims, it does not enure to the advantage of the city upon these appeals. When the cases were before us at the earlier term we pointed out the effect of an appeal of one or more property owners affected by such assessment proceedings upon other owners included in them. The appeal brings up in the first instance only the appraisal of damages to or assessment of benefits against the particular appellant. It is only when, as the charter of the city now stands, the damages appraised to him have been increased that the assessments of benefits against others included in the proceedings can be affected at all and then only to the extent to which the increase in damages to the appellant may be assessed against them. See also *Newton's Appeal*, 84 Conn. 234, 245, 79 Atl. 742. Under the charter of the city, as under other similar charters, the particular authorities of the city entrusted with the duty of appraising damages and assessing benefits on account of a public improvement are given exclusive authority to make the assessment and their determination is final and conclusive, as to persons not appealing, except as the benefits assessed may be increased to offset the increase of damages allowed to any appellant upon his appeal. As we pointed out in the earlier opinion in these cases, it is not, except in one contingency, the function of the Superior Court to make an independent determination of the amount to which each property owner has been specially benefitted by the improvement, and upon the basis of its findings reapportion the amount by which the appellants' damages have been increased upon the appeals, but the court must proceed in such apportionment upon the basis of the special benefits to other property owners assessed against them by the city authorities.

The exception may arise where the claim is made by one or more of them that the assessment of benefits as increased upon the appeal will exceed the actual benefits received by them from the improvement, a situation which does not arise in these cases.

It necessarily follows, as we pointed out in our earlier opinion, that unless the amounts of the assessments of benefits against others than the appellants are determined and placed on record by the city authorities in such a way that they can be brought before the Superior Court upon the appeal, the court has no power to apportion an increase of damages to the appellants among the other property owners specially benefited by the improvement. That was the situation which developed in the trial court upon the remanding of these cases and the record discloses no basis upon which it could proceed to reapportion the increase of damages to the appellants among the other property owners benefited by the improvement. The trial court was correct in refusing to make an independent determination of the special benefits accruing to the property owners included in the assessment, and if its failure to do so results in a loss to the city, the fault is not with the court but lies in the failure of the city authorities to carry out the steps to a proper assessment necessarily implied in the terms of the city charter.

Where a single property owner brings an action under the statute as to the change of grade in highways, General Statutes, § 1438, and where we have had before us charter provisions by the terms of which the amount of damages to which an individual affected by a public improvement is entitled or the amount of benefits which should be assessed against him is determined apart from such a general assessment involving all property owners affected by the improve-

ment as is provided in the charter before us, no doubt it is true that any property owner is entitled to recover only the excess of damages suffered above the amount of special benefits actually received. *Forbes* v. *Orange,* 85 Conn. 255, 82 Atl. 559; *Cook* v. *Ansonia,* 66 Conn. 413, 34 Atl. 183; *Nichols* v. *Bridgeport,* 23 Conn. 189. But, as we stated in our earlier opinion in these cases, the principle upon which this and similar charters proceed is that there shall be an apportionment of damages awarded and expenses incurred in making the improvement so that those benefited by it shall pay "their just and reasonable share," to the end that "the benefits assessed shall equal the whole damages appraised." §§ 179 and 184 of City Charter, quoted in footnote, 114 Conn. 486. The city is not in any event entitled to recover by an assessment of benefits or to set off in diminution of damages awarded, as regards any property owner, more than the fair proportion of actual special benefits received by him which represents the percentage of total benefits which it is necessary to assess in order that the assessment of benefits may equal the damages awarded and such expenses of the improvement as are assessable; and this is true though thereby that owner receives a special benefit for which he makes no compensation to the city. The provision in § 180 of the charter, quoted 114 Conn. 486, that when damages are awarded to and benefits assessed against any property owner, "the difference between such appraisal of damages and assessment of benefits shall be paid" by him to the city, or by the city to him, as the case may be, obviously refers not to the amount of actual special benefits, but to the amount of such benefits assessed against him. Moreover, in these cases, both in the original judgments and those from which the present appeals are taken, the amount of damages awarded to the Bishops

is stated to be in excess of any benefits derived by them from the improvement, so that, in point of fact, the city, in these particular proceedings, has credit for all that it would be entitled to under its present claim, because the assessment of benefits could in no event exceed those actually accruing. We are not therefore confronted with a situation where the trial court declined to make any assessment of benefits against the appellants.

The charter before us lacks the provision found in some of our city charters, which gives the court upon an appeal, the power to confirm, annul or modify the assessment or make such order as equity may require; see e. g. 7 Special Laws, 844, 12 Special Laws, 538, 6 Special Laws, 488, and the cases of *Gregory* v. *Bridgeport*, 52 Conn. 40, *Hough* v. *Bridgeport*, 57 Conn. 290, 18 Atl. 102, *Evergreen Cemetery Asso.* v. *New Haven*, 43 Conn. 234; and whether the city authorities could reopen the whole matter and make a new assessment is patently beside the point upon these appeals.

The city upon the remand of these cases made no claim for a rehearing as to the amount of damages which should be awarded the Bishops and does not question the adoption in the judgment before us of the principal sum fixed as proper damages in the former judgment. In that judgment the trial court found due the Bishops from the city not only this principal sum but also interest from the date of the final step taken in the assessment proceedings by the city authorities. In the judgment now before us it is found that the time when the damages awarded were payable and from which interest should run was the date of that final step. Upon an appeal such as this the trial court is not concerned with the interest which may be due to any property owner on account of the failure of the city to pay the damages awarded; that pertains to the

payment by or collection from the city of the amount awarded. The scope of these appeals is confined to determining the amounts of damages or benefits to be appraised or assessed, and having made that determination the function of the court ceases. If it were proper for it to include interest in the awards made for a failure to pay the amount due any property owner, the actions of *Bishop* v. *New Haven,* 82 Conn. 51, 72 Atl. 646, and *Woodward* v. *New Haven,* 107 Conn. 439, 140 Atl. 814, would hardly have lain. That the court should not include interest in its judgment was necessarily implied in what we said in our former opinion as to the nature of the judgment to be rendered. The provision as to interest in the judgment should not have been inserted and to this extent there is error.

There is error, the judgments are set aside and the cases remanded to the Superior Court with direction to enter judgments in all respects in accordance with those from which these appeals are taken, except that, they should contain no adjudication as to any interest due the appellants in the court below.

In this opinion the other judges concurred.