EDWARD J. BISHOP *vs*. THE CITY OF MERIDEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 6th—decided November 7th, 1933.

*William L. Beers,* with whom was *George E. Beers,* for the plaintiff.

*Denis T. O'Brien, Jr.,* and *Robert M. Dowling,* for the defendant.

MALTBIE, C. J. This is a reservation bringing before us certain questions arising upon a demurrer to

a substituted complaint. It is alleged in the complaint that the plaintiff is the owner of certain premises in the defendant city fronting upon Highland Avenue; that the city, on June 4th, 1928, accepted that avenue as a public highway and established along it certain street and curb lines and grades; that thereafter proceedings were taken to assess benefits and award damages on account of these improvements, and as regards all those affected benefits and damages were found to be equal; that the plaintiff appealed from this assessment and appraisal to the Superior Court, where, after certain trials there and appeals to this court, judgment was finally entered by the Superior Court finding the plaintiff to be entitled to an award of damages in the amount of $945.32 in excess of any benefits to him; that this judgment was recorded in the records of the city December 1st, 1932; that thereupon the parties entered into a stipulation that the defendant pay to the plaintiff the amount of the damages awarded, without prejudice to the right of the latter to claim interest in any proper proceeding; that the amount of damages awarded was paid; and that there was due the plaintiff upon the award interest from April 4th, 1929, the time of the final action by the city in the assessment proceedings. To this complaint the defendant demurred upon several grounds to the general effect that no interest was due the plaintiff. We are asked whether any interest was due him and, if so, from what date it should run.

The appeal from the appraisal of damages and assessment of benefits referred to in the complaint came twice before this court; see 114 Conn. 483, 159 Atl. 289, 115 Conn. 624, 162 Atl. 846; in order properly to consider the questions raised recourse must be had to the records in those appeals; Vol. A-12, Records and Briefs, p. 205, Vol. A-26, Records and Briefs, p. 268;

and of these we take judicial notice. It appears from them that the amount of damages awarded represented the expense to which the plaintiff was put to adapt his land to the changed grade of the highway involved in the improvement; it does not appear that any land of the plaintiff was taken; and the damages awarded were of the same nature as those recoverable under § 1438 of the General Statutes where the grade of a highway is changed. The right to such damages is created by legislative authority and is not within the constitutional requirement that just compensation be made for the taking of private property for public use. *Gilpin* v. *Ansonia,* 68 Conn. 72, 79, 35 Atl. 777; *Tyler* v. *Darien,* 115 Conn. 611, 614, 162 Atl. 837. Those cases, therefore, where the right to recover interest upon an award of damages in an assessment proceeding has been dependent upon circumstances connected with the taking of land afford little help in solving the problem before us. *Bishop* v. *New Haven,* 82 Conn. 51, 72 Atl. 646; *Fox* v. *South Norwalk,* 85 Conn. 237, 244, 82 Atl. 642; *Norwalk* v. *Norwalk Investment Co.,* 95 Conn. 1, 6, 110 Atl. 557; *Woodward* v. *New Haven,* 107 Conn. 439, 140 Atl. 814; *Stamford* v. *Vuono,* 108 Conn. 359, 371, 143 Atl. 245.

As the right to damages of the nature awarded in this case is created by the legislature, that body might have determined whether any interest was to be paid or not and, if so, from what time it would run, but there are no such provisions made. The legislature could also determine when the damages awarded should become payable and we turn to the defendant's charter to see if it has done so. In that portion of the charter under which the assessment proceedings involved in this case were taken, it is provided that when the board of compensation, which in the first instance makes the appraisal and assessment, has completed its work, it

shall report to the court of common council, and when that report has been accepted and recorded in the records of the council "each and all of said appraisals and assessments shall be deemed to have been legally made and done, and not before;" that if an appraisal of damages is made to any person and no benefits are to be paid by him, the amount of the appraisal shall be "deemed to be his just compensation and shall be paid to him by the city," but if damages are appraised in favor of a particular landowner and benefits also assessed against him, one is to be set off against the other and the balance only is payable by him to the city or by the city to him, as the case may be; that if an appeal is taken, the payment of benefits is suspended until it is finally disposed of, that the court shall determine when the benefits shall become due and payable, and that its finding shall be recorded in the records of the city. 18 Special Laws, pp. 969, 970, 971, §§ 179, 180, 185. Under these provisions, had the plaintiff not appealed, he would have been entitled to receive the damages awarded him within a reasonable time after the acceptance of the report of the board of compensation by the common council. *Keller* v. *Bridgeport*, 101 Conn. 669, 676, 127 Atl. 508. But the taking of the appeal had the effect of suspending the time when the damages became payable until its final determination; *Keller* v. *Bridgeport, supra;* and the fact that this final determination was delayed by the appeals to this court by the defendant could not affect that result. *Woodward* v. *New Haven*, 107 Conn. 439, 444, 140 Atl. 814. The provision in the charter that the judgment of the court be recorded in the records of the city indicates the legislative intent to be that such recording is the final step in the proceeding, within a reasonable time after

which the damages would be payable. *Bishop* v. *Meriden,* 114 Conn. 483, 491, 159 Atl. 289.

We find nothing in the circumstances presented to us to justify the plaintiff in claiming that interest would run before the time when the damages became payable. *Norwalk* v. *Norwalk Investment Co.,* 95 Conn. 1, 6, 110 Atl. 557; *Woodward* v. *New Haven,* 107 Conn. 439, 441, 140 Atl. 814. Nor do we conceive that such a rule is a denial of "just compensation" to a landowner as that expression is used in the defendant's charter, in such a case as this. It is true that the damages awarded to the plaintiff represent actual expenditures made by him and he has, therefore, for some time not stated in the record, been deprived of the use of the money so spent. But the actual expenditure of money to adapt property to a change of grade is not a prerequisite to an award of damages based upon the decreased value of the property by reason of the effect produced upon it by that change. *Bishop* v. *Meriden,* 114 Conn. 483, 485, 159 Atl. 289. Interest upon damages awarded a landowner for such a change might not at all represent compensation to him for the deprivation of money spent or any other loss suffered. As the damages finally awarded the plaintiff were paid, as far as appears, promptly upon the recording of the final judgment upon the appeal, we conclude that the plaintiff was entitled to no interest.

We have not overlooked the case of *New Haven Steam Saw Mill Co.* v. *New Haven,* 72 Conn. 276, 287, 44 Atl. 229. In that case an appraisal of damages and assessment of benefits for a change of grade in a highway was made under the charter of the city of New Haven; an appeal was taken to the Superior Court and the matter was referred to a committee

who found that the plaintiff was entitled to substantial damages; a remonstrance was filed to the report of the committee which the court overruled *pro forma,* and then reserved for this court all questions of law arising in the action. The Superior Court was advised to accept the report of the committee. Upon the first argument before this court no question as to interest was raised, but it was presented upon a motion for reargument. A majority of the court held that the plaintiff was entitled to interest from the time of the filing of the committee's report, at which time the damages were definitely ascertained. That decision does not, of course, substantiate the plaintiff's claim in this case, that interest should run from the time the city took the final step in the assessment proceedings. The rule applied there would at most go no further in this proceeding than to require an allowance of interest from the time when the amount of damages became definitely fixed, which would be when final judgment was entered by the Superior Court upon the appeal taken to it. But the efficacy of the first two judgments of the Superior Court upon the appeal was entirely destroyed by our decisions setting them aside; *McIsaac* v. *Hale,* 105 Conn. 249, 250, 135 Atl. 37; and the amount of damages due the plaintiff was not finally determined until the third judgment from which no appeal was taken. Moreover, in the *New Haven* case no provisions of the charter of the city fixing the time when damages became payable were before the court. The situation before us differs so materially from that involved in the *New Haven* case that we have no need to determine whether we should now follow the decision made in it if we were confronted with a similar situation.

Our answer to the questions asked is that the plain-

tiff is entitled to no interest upon the damages awarded and paid him.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.